**BUDDY "L", INC. and Lloyd's of London, Appellants,**

v.

**GENERAL TRAILER COMPANY, INC., Appellee.**

**No. 05–83–00132–CV.**

Court of Appeals of Texas, Dallas.

April 25, 1984.

Rehearing Denied May 23, 1984.

Mark H. How, Lawrence M. Wells, Dallas, for appellants.

Kevin J. Keith, Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

ALLEN, Justice.

Buddy "L", Inc. and its insuror, Lloyd's of London, brought suit against General Trailer Company, Inc. for damages to a truck tractor. General Trailer failed to file a timely answer and default judgment was entered on May 11, 1979. Counsel for Buddy "L", Inc. did not provide the clerk with the last known mailing address of General Trailer as required by TEX.R.CIV.P. 239a, therefore, General Trailer did not receive timely notice of the default judgment so as to allow the filing of a motion for new trial. Immediately upon the expiration of time to file a motion for new trial, counsel for Buddy "L", Inc. contacted General Trailer by mail at its true last known mailing address and demanded satisfaction of the judgment.

Subsequently, the court granted General Trailer's bill of review and upon trial on the merits granted summary judgment to General Trailer on Buddy "L" 's and Lloyd's of London's entire claim on the basis that Buddy "L" had contractually released General Trailer from the liability Buddy "L" sought to impose.

Buddy "L" and Lloyd's of London bring this appeal seeking to set aside both the bill of review and the summary judgment. Buddy "L" contends that the court erred by improperly applying the law to the uncontroverted facts in granting the bill of review and further that the court erred in granting summary judgment because there were genuine issues of material fact raised by the evidence. We disagree and thus affirm the judgment of the trial court.

In its first point of error, Buddy "L" attacks the action of the trial court in its granting General Trailer's bill of review. Relief by bill of review is available under TEX.R.CIV.P. 329b(f). The rule does not prescribe the standard by which the actions of a defaulting party must be measured, except to say that the bill must be "for sufficient cause" and be filed within the time allowed by law. The question is whether "sufficient cause" existed. Since the rule does not attempt to specify what constitutes "sufficient cause," the courts have done so in particular cases. In *Hanks v. Rosser*, 378 S.W.2d 31, 33–34 (Tex.1964), the Texas Supreme Court said, "A bill of review proceeding is an equitable one designed to prevent manifest injustice. But while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments. The litigating parties are entitled to know when the contest is at an end." In the instant case, General Trailer received citation in Buddy "L" 's original suit on April 10, 1979. Acting on advice of its counsel, General Trailer delivered the citation to its insurance agent who agreed to turn it over to General Trailer's insurance carrier for the filing of an answer on General Trailer's behalf. General Trailer later called its insurance agent and asked if the case had been set for trial, and the agent reported that the case had not been set for trial. The evidence fails to disclose what happened to the citation after the insurance agent deposited it on the desk of the person charged with the duty of causing an answer to be filed.

The pleadings filed by Buddy "L", Inc. alleged that negligence in the repair of a trailer by General Trailer was the direct cause of an accident on May 26, 1977, which damaged Buddy "L" 's truck tractor. A default judgment was entered against General Trailer in May of 1979. Mr. How, as attorney for Buddy "L", made a certifi-

cate pursuant to rule 239a which stated that the last known mailing address of General Trailer was "Lavada L. Jones, Registered Agent for service of process for General Trailer Company, Inc., 1739 Henton, Dallas, Texas, 75235." The record shows that the notice of default judgment, mailed by the clerk in accordance with the certificate, was returned to the court as being undeliverable. General Trailer did not receive notice of the default within time to file a motion for new trial. Attorney How, in a letter dated one day after the expiration of time for filing a motion for new trial, directed a letter demanding satisfaction of the judgment to General Trailer at its 510 Eads, Dallas, Texas, address.

The record shows further that prior to institution of the suit by Buddy "L", a mutual release dated April 13, 1978, had been entered into by Buddy "L" and General Trailer. The mutual release was executed by the president of each of the corporations. By its terms, General Trailer released Buddy "L" of its obligation to pay a certain invoice calling for payment of $2,675.00 and in return, General Trailer received the salvage on the trailer identified in the release. Buddy "L" released General Trailer of all obligations and agreed to hold it harmless on all lawsuits concerning the trailer. The record shows that before a suit was filed by Mark H. How, attorney for Buddy "L", Inc. and Lloyd's of London Insurance Company, How wrote a letter, dated July 5, 1978, to General Trailer at its 510 Eads, Dallas, Texas, address suggesting that a settlement should be made with regard to damages sustained by Buddy "L"'s truck tractor due to General Trailer's negligence in repairing a trailer. Tom Jackson, President of General Trailer, responded to How's letter and enclosed a copy of the April 13, 1978, mutual release. We note that both the letter and the copy of the release show the address for General Trailer as being 510 Eads, Dallas, Texas.

In the trial before the court solely on the issue of whether the default judgment was rendered under circumstances which would entitle General Trailer to have the judgment set aside if Buddy "L" were not to prevail on the merits of its cause of action, Buddy "L" stipulated for the purposes of the hearings and without any prejudice to the trial on its merits that General Trailer had pled and proved a meritorious defense to the cause of action alleged to support the judgment previously entered by default. The proof offered by General Trailer to support its pleading was sufficient to make out a prima facie affirmative defense to Buddy "L"'s cause of action.

In its findings of fact, the trial court found that Buddy "L"'s attorney, How, had corresponded with General Trailer at its 510 Eads address. He found further that when How certified a different address than 510 Eads to the court clerk, How made a mistake and that the default judgment became final as a result of the mistake committed by Buddy "L"'s attorney, How. The court also found that General Trailer was at fault when it failed to answer Buddy "L"'s original suit, but that General Trailer did not act intentionally or with conscious indifference in failing to file an answer to the suit. The trial court concluded that under the authority of *Hanks v. Rosser*, 378 S.W.2d at 31 and *Parker v. Gant*, 568 S.W.2d 163 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.), General Trailer was entitled to a bill of review. We agree.

Buddy "L" contends that the rule stated in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950) is the proper rule to be applied to the facts of this case. In *Hagedorn*, the Texas Supreme Court held that a person could not seek relief from a final judgment by bill of review unless the party alleged and proved: (a) a meritorious defense to the cause of action alleged to support the judgment; (b) which the party was prevented from making by the fraud, accident, or wrongful act of the opposite party; and (c) unmixed with any fault or negligence of his own. Buddy "L" argues that the trial court's finding that General Trailer was at fault in failing to file a timely answer to the original proceeding requires the court to deny General Trailer's

bill of review. We disagree. In *Hagedorn* there was no fault of the opposite party, his counsel, or of an officer of the court in the performance of his official duties. Once a default judgment has been rendered, rule 239a imposes a duty upon the party taking the same or his attorney to certify to the clerk in writing the last known mailing address of the party against whom the default judgment is taken. In this case, Buddy "L", acting through its attorney, How, the attorney being an officer of the court (*see Wachholder v. Kitchens,* 126 S.W.2d 519 (Tex.Civ.App.—Fort Worth 1939, no writ), failed to comply with rule 239a by certifying the correct last known mailing address of General Trailer. The record shows that the correct address was known to How at the time he made the certification to the clerk. The trial court found that How failed to certify the correct last known mailing address by mistake. When a default judgment becomes final as a direct result of a mistake committed by the party obtaining the judgment or by its attorney, under such circumstances as those shown in the instant case, the granting of a bill of review is mandated. The Texas Supreme Court has carefully laid down rules to be followed in protecting litigants against the improper administration of justice by our courts. We must not countenance mistakes by an officer of the court or by a party litigant where the mistake thwarts the intended purpose of a rule of procedure and deprives a party litigant of the protection afforded by the rule.

■ The supreme court by its opinion in *Hanks,* recognizes that a party has two rights or remedies in a law suit. They are: (1) to file an answer to prevent a default judgment, and (2) to file a motion for new trial within ten days (amended to allow thirty days under the present rule) after judgment is taken. 378 S.W.2d at 34; rule 329b(a). In *Hanks,* the party was prevented from timely filing his motion for new trial by relying on erroneous official information given by the clerk of the court. The supreme court held that under that circumstance it was unnecessary for Hanks to show that he was prevented from filing his motion for new trial because of some accident, fraud or wrongful act of the opposing party as would be required under other circumstances by the prior holding of the supreme court in *Hagedorn.*

■ In the instant case, General Trailer was prevented from filing a timely motion for new trial by the action of an officer of the court, the attorney for Buddy "L", who certified a wrong address of the party against whom the default judgment was taken. This mistake in certification of a correct address prevented the clerk from complying with the intent of rule 239a and the action of the clerk was the same as if no notice had been sent. The failure of the clerk to send the postcard notice of the entry of judgment as required is equivalent to misinformation by the clerk. *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 244 (Tex.1974). The trial court found that the default judgment became final as a result of the mistake made by Buddy "L" 's attorney.

■ Buddy "L" argues that the failure of General Trailer to receive timely notice of the entry of default judgment was due to General Trailer's negligence in its failure to keep the correct address of its general agent for service current in the records of the Secretary of State. We disagree with this contention. TEX.R.CIV.P. 239a requires certification of, and mailing to, the last known address of the defendant notwithstanding that the defendant may have a different office registered for service of process. *Hillson Steel Products, Inc. v. Wirth Ltd.,* 538 S.W.2d 162, 166 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). The record establishes that the default judgment became final as a direct result of the mistake made by Buddy "L" 's lawyer. The circumstances shown to exist in this case require that it be judged on the standards set forth by the *Hanks* case. We hold that the facts shown by the record establish that General Trailer has met those standards so as to entitle it to the bill of review granted by the trial court.

In points of error two, three, and four, Buddy "L" contends that the trial court committed reversible error in granting General Trailer's motion for summary judgment because there existed genuine issues of material fact as to (1) the applicability of the release agreement, (2) the existence of consideration for the release agreement, and (3) Davidson's mental capacity to execute the release agreement. Since all three points of error are closely related, we will consider them together.

■ We recognize that in cases in which a summary judgment has been granted, whether in favor of a plaintiff or defendant, "the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact* issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes* as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action." The last sentence of paragraph (c) of TEX.R.CIV.P. 166–A governs. It provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Harrington v. Young Men's Christian Association of Houston and Harris County*, Texas, 452 S.W.2d 423 (Tex.1970); ` *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.1969). In the instant case the basis for General Trailer's motion for summary judgment was its affirmative defense that General Trailer was released from any and all liability with respect to the claim urged by Buddy "L" Inc. by the terms of the general release executed by the parties on April 13, 1978. The release reads as follows:

April 13, 1978

AGREEMENT BETWEEN BUDDY L, INC. AND GENERAL TRAILER CO., INC.

Re:  Invoice no. 589 (1/19/77) $2,675.50 License No. 44L–238; Serial No. BLJ–560–802

It is agreed that:

General Trailer will release all obligation on the above invoice in return for the salvage on the trailer.

Buddy L will release General Trailer of all obligations and hold General Trailer, Inc. harmless on all lawsuits concerning this trailer.

S/  Buddy L. Davidson
Buddy L, Inc.
S/  Tom Jackson
General Trailer Co., Inc.
S/  Doug Nelson
Witness-Doug Nelson

■ First, Buddy "L" argues that the release does not mention the truck tractor and, therefore, a substantial question of fact exists as to whether the release was intended to compromise Buddy "L"'s claim with respect to the damaged tractor. Buddy "L" contends that because the release is susceptible to more than one reasonable meaning, it is therefore ambiguous, and thus presents a question of fact which must be presented to the jury in order to determine the intent of the parties. Whether an instrument is ambiguous is a question of law to be determined by the court. However, Buddy "L" did not raise the issue of ambiguity in its response to General Trailer's motion for summary judgment. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX.R. CIV.P. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

■ Next, Buddy "L" contends that it raised a genuine issue of material fact as to whether the release was supported by any consideration. Attached to Buddy "L"'s response to General Trailer's motion

for summary judgment was the affidavit of Buddy Lee Davidson which stated:

> The Hobbs trailer which forms a part of the basis for this litigation, License Number 44L–238, Serial Number BLJ–560–802 was owned by me personally; it was at no time an asset of or owned by or claimed by Buddy "L", Inc. The modification work done by General Trailer Company, Inc. on this trailer was for my account, and was never for the account of Buddy "L", Inc.

Buddy "L" argues that this raises a fact issue as to whether the release between Buddy "L" and General Trailer is supported by consideration, because if Buddy "L" never owned the trailer, nor was liable on the invoice for the trailer's repair, then neither Buddy "L" or General Trailer received any benefit or incurred any detriment under the release agreement. The release in question recites that consideration was given. A written instrument reciting a consideration imports one. This rule is applicable to releases as well as other kinds of contracts. *Williams v. Hill,* 396 S.W.2d 911 (Tex.Civ.App.—Dallas 1965, no writ); *Warren v. Gentry,* 50 S.W. 1025 (Tex.Civ.App.1899, no writ). To offset this legal presumption of consideration it was incumbent upon Buddy "L" to present evidence legally admissible on the question of lack of consideration. Rule 166–A requires that supporting and opposing affidavits set forth facts that would be admissible in evidence. Mere conclusions of "no consideration" in Buddy "L"'s opposing affidavits would not raise a fact issue. *Williams,* 396 S.W.2d at 913.

In the instant case the summary judgment evidence shows that by invoice number 589, dated January 19, 1977, General Trailer billed Buddy "L", Inc. for repairs it made to a Hobbs Trailer bearing license number 44L–238 and serial number BLJ–560–802 in the sum of $2675.50. The release agreement between Buddy "L", Inc. and General Trailer, Inc., made a part of the summary judgment evidence, specifically released Buddy "L", Inc. from all obligation to General Trailer, Inc. on invoice number 589. Since General Trailer had asserted a claim against Buddy "L" by invoice number 589, its release of Buddy "L" from all obligations on invoice number 589 conferred a benefit to Buddy "L" which would be a sufficient consideration to support the release of General Trailer by Buddy "L". General Trailer Company, Inc. suffered a detriment in executing the release agreement by giving up the amount owed for the work it had done on the trailer which was represented by the invoice made out to Buddy "L", Inc. As stated in *Champlin Petroleum Co. v. Pruitt,* 539 S.W.2d 356, 361 (Tex.Civ.App. —Fort Worth 1976, writ ref'd n.r.e.):

> The law controlling the determination of this consideration question before us is stated in *Lassiter v. Boxwell Bros., Inc.,* 362 S.W.2d 884 (Tex.Civ.App.—Amarillo 1962, no writ) as follows: 'a valuable and sufficient consideration for a contract may consist of either a benefit to the promisor *or a loss or detriment to the promisee.* In other words, sufficient consideration for the agreement may consist of some right, interest, profit, or benefit that accrues to one party, or, alternatively of some forebearance, loss, or responsibility that is undertaken or incurred by the other party. *Accordingly, it is not necessary that the promisor receive a benefit under the agreement. On the contrary, if the promisee parts with some legal right or sustains some legal injury as the inducement for the agreement, this will be sufficient.'* (emphasis added).

Further, in the case of *Texarkana National Bank v. Hubbard,* 114 S.W.2d 389, 391 (Tex.Civ.App.—Beaumont 1938, writ dism'd), the court said, "The amount of consideration given for a release need not be adequate if it has some value in the eyes of the law; any amount, however slight, will be sufficient if it was accepted or agreed to by the person executing the release." We hold that the mutual release executed between General Trailer, Inc. and Buddy "L", Inc. is supported by a valuable consideration.

**548**

Buddy "L" 's last contention is that a genuine issue of material fact existed regarding whether Buddy L. Davidson, as president of Buddy "L", lacked the requisite mental capacity for entering into a contract when he executed the release questioned in the instant case. To support this contention Buddy "L" relies on the deposition testimony of Buddy L. Davidson to the effect that at the time of his signing the release he had just suffered a serious financial reversal in his business as a result of the embezzlement by a former employee. Further, Davidson claimed that due to extreme mental and emotional stress he "wasn't thinking straight" and that he was not mentally competent "to actually conduct business and so forth." The basis for these assertions is not founded on any medical testimony or proof of mental incapacity but is based on a conclusory declaration by Davidson. The testimony is legally insufficient to raise a fact issue of mental capacity. A presumption exists in law that one possesses sufficient mental capacity to enter into contracts. *Estate of Galland v. Rosenberg*, 630 S.W.2d 294, 297 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Mere nervous tension, anxiety or personal problems do not amount to mental incapacity sufficient to raise a fact issue to defeat a summary judgment motion. *Schmaltz v. Walder*, 566 S.W.2d 81, 84 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). *See also Mandell & Wright v. Thomas*, 441 S.W.2d 841, 845 (Tex.1969). We reject Buddy "L" 's last contention.

We affirm the judgment of the trial court.