COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-270-CV*
  
  
CONTINENTAL 
CASUALTY COMPANY                                     APPELLANT
 
V.
 
SALVIDOR 
DAVILLA                                                                 APPELLEE
  
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
OPINION
 
------------
        This 
is an appeal from a workers’ compensation case in which Appellee Salvidor 
Davilla filed suit for judicial review of a Texas Workers’ Compensation 
Commission (TWCC) Appeals Panel’s decision that his compensable injury does 
not extend to include his left knee.
Factual and Procedural 
Background
        Appellee 
served CT Corp System—the registered agent for service of process for 
Appellant Continental Casualty Company—on November 19, 2002. Appellant failed 
to file an answer and Appellee moved for a default judgment, which was granted 
on May 5, 2003. Appellant contends that it received notice of the default 
judgment from Appellee’s attorney on June 26, 2003—more than 20 days but 
less than 90 days from the date the default judgment was entered. See Tex. R. Civ. P. 306a(4).
        Appellant 
filed a motion for new trial accompanied with affidavits from three of its 
employees on July 28, 2003. Grace Evola-Bourlon, a claims manager supervisor for 
CNA Group of Insurance Companies (“CNA”),[1] 
stated by sworn affidavit that Appellant was served with Appellee’s claim on 
November 19, 2002.  Evola-Bourlon admitted that Appellant failed to answer 
the suit and provided an explanation for Appellant’s failure to appear at 
trial.  According to Evola-Bourlan, the claims management department 
assigned this claim to an attorney in Dallas according to the company’s 
ordinary procedures.  Due to an accidental oversight, however, the suit 
papers were not forwarded to the attorney.  Evola-Bourlan stated that she 
was not aware of this mistake until Appellant received the copy of the default 
judgment from Appellee’s attorney.  Debra Line, a claims specialist for 
CNA, provided an affidavit stating that Appellant first received actual or 
written notice of the default judgment on June 26, 2003, when she received a 
letter and copy of the default judgment from Appellee’s attorney.  
Finally, Albert Diombala, also a claims manager for CNA, testified by affidavit 
that it was his opinion that Appellant had a meritorious defense to Appellee’s 
claim.
        At 
the hearing on the motion for new trial, held on August 29, 2003, the district 
clerk of Parker County, Elvera Johnson, testified that it is the regular 
practice of the court for the records management deputy to send copies of a 
default judgment to the losing party and then mark the file jacket with the date 
that the judgment was signed and the date the copy of the judgment was mailed to 
the defendant. Johnson also testified that the jacket for Appellee’s case had 
a notation on it stating, “judgment signed 5/05/03, copies returned on 
5/5/03.”  When asked what “copies returned” means, she replied, 
“[j]udging by the handwriting, it means that the copy was sent to -- on 
judgment -- the notice was sent that a judgment was taken.  Should 
be.  I honestly can’t tell you because I haven’t looked through the 
whole thing.”  Johnson testified that the court usually saves a copy of 
the notice sent, but was unable to locate such a copy within Appellee’s file.
        Pamela 
Dickey, a records management clerk for Parker County, also testified. Dickey 
stated that it was her handwriting on the file jacket.  She explained that 
“copies returned” means that she made a copy of the judgment and put it in 
the mail to the defendant or the defendant’s attorney.  Dickey testified 
that she was not trained to put a copy of the letter in the file and that she 
does not normally do so.  When Appellee’s attorney asked Dickey if she 
could testify that she mailed a copy of the default judgment to Appellant on May 
5, 2003, she replied, “[y]es, sir.”
        Although 
Appellant asserted that it did not receive notice until June 26, 2003, the trial 
court denied Appellant’s motion, noting that there was no evidence that 
Appellant’s registered agent for service of process, CT Corp System, also did 
not receive timely notice of the default judgment.  In response, Appellant 
filed a motion for rehearing and attached the affidavit of Shirley Dillon, a 
senior process specialist for CT Corp System. Dillon’s affidavit states, in 
pertinent part:
 
I 
have checked the records of CT Corp System to determine whether a default 
judgment bearing cause no. 50414 and with Continental Casualty Company as the 
Defendant was received by CT Corp System. Such records would be cross referenced 
by cause number and the name of Continental Casualty Company. Our records 
reflect that no such default judgment was received by CT Corp System between May 
5, 2003 and June 26, 2003.
 
        The 
court denied Appellant’s motion for rehearing and this appeal ensued. Pursuant 
to an order from this court, the trial court filed one finding of fact regarding 
the date when Appellant or Appellant’s attorney first either received notice 
or acquired actual knowledge that the May 5, 2003 judgment was signed, which 
stated:
 
[Texas 
Rule of Civil Procedure] 21a creates a presumption that mail placed in the care 
and custody of the United States Postal Service shall be deemed to have been 
received within [three] days from the date of such deposit. Therefore, it is the 
finding of the Court that [t]he Defendant is deemed to have received notice of 
the default judgment on May 8, 2003.
 
 
Standard of 
Review
        We 
review a trial court's decision to grant or deny a motion for new trial under an 
abuse of discretion standard. Dir., State Employees Workers' Comp. Div. v. 
Evans, 889 S.W.2d 266, 268 (Tex. 1994); Wal-Mart Stores, Inc. v. Kelley, 
103 S.W.3d 642, 643-44 (Tex. App.—Fort Worth 2003, no pet.). To determine 
whether a trial court abused its discretion, we must decide whether the trial 
court acted without reference to any guiding rules or principles; in other 
words, whether the act was arbitrary or unreasonable.  See Carpenter v. 
Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex. 2002); Downer v. 
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. 
denied, 476 U.S. 1159 (1986).  Merely because a trial court may decide 
a matter within its discretion in a different manner than an appellate court 
would in a similar circumstance does not demonstrate that an abuse of discretion 
has occurred.  Downer, 701 S.W.2d at 241-42.
        An 
abuse of discretion does not occur when the trial court bases its decisions on 
conflicting evidence. Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); see 
also Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, 
an abuse of discretion does not occur as long as some evidence of substantive 
and probative character exists to support the trial court’s decision. Butnaru 
v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002); Holley v. Holley, 
864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).
        Before 
a default judgment can be set aside and a new trial granted, the defendant must 
satisfy all elements of the Craddock test.  Craddock v. Sunshine 
Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  The Craddock 
test is well-established: a default judgment should be set aside and a new trial 
ordered in any case in which (1) the failure of the defendant to answer before 
judgment was not intentional, or the result of conscious indifference on his 
part, but was due to a mistake or an accident; (2) the motion for a new trial 
sets up a meritorious defense; and (3) the motion is filed at a time when the 
granting thereof will occasion no delay or otherwise work an injury to the 
plaintiff.  Id.
Jurisdiction
        Appellant 
asserts, in its second issue, that this court is required to exercise 
jurisdiction over this appeal because Appellant conclusively established through 
uncontroverted evidence that it timely filed its motion for new trial.  
Appellant argues in its fourth issue that if this court nevertheless finds that 
Appellant did not timely file its motion for new trial, we should consider this 
a restricted appeal.  Because Appellant’s jurisdictional issues are 
potentially dispositive of this appeal, we address them first.
        A 
motion for new trial must be filed prior to or within 30 days after the judgment 
or other order complained of is signed.  Tex. R. Civ. P. 329b(a). An exception to 
this rule exists when a party adversely affected by a judgment or other 
appealable order did not receive notice nor acquire actual knowledge of the 
order within the time frame set forth in Rule 329b.  See Tex. R. Civ. P. 306a(4), 329b.  
Rule 306a(5) prescribes the procedure for claiming this exception:
 
In 
order to establish the application of paragraph (4) of this rule, the party 
adversely affected is required to prove in the trial court, on sworn motion and 
notice, the date on which the party or his attorney first either received a 
notice of the judgment or acquired actual knowledge of the signing and that this 
date was more than twenty days after the judgment was signed.
 
 
Tex. R. Civ. P. 306a(5).
        The 
requirements of Rule 306a(5) are jurisdictional.  Mem’l Hosp. v. 
Gillis, 741 S.W.2d 364, 365 (Tex. 1987); Moore Landrey, L.L.P. v. Hirsch 
& Westheimer, P.C., 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 
2003, no pet.).  The purpose of the Rule 306a(5) motion is to establish a 
prima facie showing of lack of notice, thereby reinvoking the trial court’s 
jurisdiction for the limited purpose of holding a Rule 306a hearing.  In 
re Ray, 967 S.W.2d 951, 953 (Tex. App.—Dallas 1998, orig. proceeding).
        The 
party adversely affected by the ruling of the trial court must prove in the 
trial court, on sworn motion and notice, the date he or his attorney first 
received notice or acquired actual knowledge of the signing. Tex. R. Civ. P. 306a(5); Grondoma v. 
Sutton, 991 S.W.2d 90, 91 (Tex. App.—Austin 1998, pet. denied).  If 
evidence at the hearing establishes the date of notice, appellate deadlines and 
the court's plenary power start from that date rather than the date the judgment 
was signed, as long as that date is not more than 90 days after the original 
judgment or order was signed. Tex. R. Civ. 
P. 306a(5).
        Appellant 
contends that it established that the date it first received notice of the 
default judgment was June 26, 2003. Appellant filed its motion for new trial on 
July 28, 2003—less than 30 days after Appellant’s stated date of notice and 
within 90 days of the signing of the default judgment. [2] 
Therefore, according to Appellant, the requirements of Rule 306a(5) were met.
        Under 
Rule 21a, if notice of a default judgment is properly addressed and mailed, 
postage prepaid, to the party’s last known address, a presumption arises that 
the notice was properly received by the addressee. Tex. R. Civ. P. 21a; Cliff v. Huggins, 
724 S.W.2d 778, 780 (Tex. 1987); Mosser v. Plano Three Venture, 893 
S.W.2d 8, 11 (Tex. App.—Dallas 1994, no writ).  This presumption 
vanishes, however, if the opposing party offers proof of nonreceipt. Cliff, 
724 S.W.2d at 780; Mocega v. Bradford Urquhart, M.D., 79 S.W.3d 61, 65 
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).  The sender may 
respond by presenting other evidence of delivery; but if the sender relies on 
office routine to support an inference of receipt, there must be corroborating 
evidence. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 928 (Tex. 1999).
        Here, 
Appellee presented testimony from the Parker County district clerk’s office 
that it is their regular practice to send copies of a default judgment to the 
defendant, and Dickey testified that she mailed a copy of the default judgment 
to Appellant on May 5, 2003.  This evidence was rebutted by Appellant’s 
claim that it did not receive notice of the default judgment until June 26, 
2003, and the affidavit from CT Corp System, which verified that it did not 
receive a copy of Appellant’s default judgment before June 26, 2003. Appellee 
provided no evidence to corroborate the testimony regarding the regular routine 
of the Parker County district clerk’s office, such as a signed return receipt 
or a copy of the notification letter, that would support an inference of 
receipt, nor any additional evidence of delivery.
        We 
previously issued an order concluding that we have jurisdiction over this appeal 
pursuant to Texas Rule of Appellate Procedure 26.1(c).  However, upon 
further review, we hold that Appellant’s motion complied with the formal 
requirements of Rule 306a(5) by presenting a prima facie case demonstrating lack 
of notice until June 26, 2003.  See Wembley Inv. Co., 11 S.W.3d at 
928. Consequently, we agree with Appellant that its motion for new trial, motion 
for rehearing, and notice of appeal were timely filed.[3] 
See Tex. R. Civ. P. 306a(4) 
- (5).  This court, therefore, has jurisdiction over this appeal, and we 
sustain Appellant’s second issue.
Default 
Judgment
        Appellant 
contends in its first issue that the trial court abused its discretion in 
refusing to set aside its default judgment because the trial court failed to 
meet essential requirements for overturning a TWCC decision enumerated in the 
Texas Labor Code. Section 410.258 provides:
(a) 
The party who initiated a proceeding under this subchapter or Subchapter G must 
file any proposed judgment or settlement made by the parties to the proceeding, 
including a proposed default judgment, with the executive director of the 
commission not later than the 30th day before the date on which the court is 
scheduled to enter the judgment or approve the settlement.
 
 
                . 
. . .
(f) 
A judgment entered or settlement approved without complying with the 
requirements of this section is void.
 
 
Tex. Lab. Code Ann. § 410.258(a), (f) 
(Vernon Supp. 2004).
        Norman 
Darwin, counsel for Appellee, testified at the motion for new trial that he 
provided a copy of the default judgment to TWCC 30 days prior to the signing of 
the default judgment as required by the labor code. Appellant, citing Cauble 
v. Key, argues that Darwin’s unsworn testimony cannot be accepted because 
evidence that is not sworn is no evidence at all.  256 S.W. 654, 655-56 
(Tex. Civ. App. 1923, no writ).  Although an attorney’s statements must 
be under oath to be considered evidence, the opponent of the testimony can waive 
the oath requirement by failing to object when an objection is necessary.  Banda 
v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997).
        The 
reporter’s record for the motion for new trial reflects the following exchange 
between the trial court and the parties’ attorneys prior to Darwin’s 
testimony:
  
MR. 
BRENNER [Appellant’s attorney]: Your Honor, I would like to call Mr. Darwin.
 
THE 
COURT: All right.
 
MR. 
BRENNER: Very briefly.
 
THE 
COURT: You can testify from there.
 
MR. 
DARWIN: All right, sir. Shall I be sworn?
 
THE 
COURT: You don’t need to be sworn.  He’s an officer of the court. I 
don’t think it’s required.
 
MR. 
BRENNER: If the court doesn’t believe it’s required, I’m satisfied with 
that.

 
Appellant 
was clearly placed on notice that the court would consider Darwin’s testimony 
valid evidence and therefore knew or should have known that an objection was 
necessary.  See id.  Appellant waived any objection to the 
testimony and provided no evidence to contradict this testimony. See id. 
Thus, the trial court properly treated Darwin’s testimony as evidence.
        Appellant 
additionally argues that the trial court’s judgment did not contain a recital 
that the TWCC was sent notice of the default judgment no later than the 
thirtieth day before the date on which the court is scheduled to enter the 
judgment or approve the settlement as required by section 410.258(f) of the 
labor code.  That section states, in its entirety, that a “judgment 
entered or settlement approved without complying with the requirements of this 
section is void.” Tex. Labor Code Ann. § 410.258(f).  
The plain language of section 410.258(f) simply prohibits the trial court from 
rendering a judgment that does not comply with section 410.258, it does not 
require the trial court to recite the requirements of the labor code within the 
judgment.  See id. Appellant cites no authority to support any other 
construction of the statute. We therefore conclude that the trial court’s 
judgment is not void for failing to contain a recital that the TWCC was sent 
notice of the default judgment within the required time.
        Appellant’s 
final argument in support of its proposition that the trial court was required 
to set aside the default judgment asserts that the judgment is void because the 
trial court did not consider the decision of the TWCC Appeals Panel.  The 
labor code mandates that a court sitting without a jury “shall consider the 
decision of the commission appeals panel” before rendering judgment on an 
issue regarding compensability or income or death benefits.  Id. § 
410.304(b) (Vernon 1996).  The labor code additionally states that a 
judgment that does not comply on its face with “all appropriate provisions of 
the law” is void.  Id. § 410.257(a), (f) (Vernon Supp. 2004).
        Appellant 
argues that the trial court’s judgment is void because 1) the record does not 
reflect that the trial court considered the decision of the appeals panel and 2) 
the judgment on its face does not comply with these requirements.  The 
record before us does not support Appellant’s assertions.  The trial 
court’s judgment states that:
  
The 
Court has read the pleadings and papers on file, and is of the opinion that the 
allegations have been admitted and that the determination by the [TWCC] that the 
April 24, 2001, compensable injury does not extend to include the left knee, in 
addition to the low back, is hereby set aside and held for naught.
 
 
The 
trial court specifically stated in its judgment that it read the pleadings and 
papers on file, which included the decision of the TWCC Appeals Panel.  We 
therefore believe that the trial court considered the decision of the TWCC 
Appeals Panel, as evidenced on the face of its judgment, and thereby met the 
requirements of the labor code.  Having rejected each of Appellant’s 
arguments in support of its first issue, we conclude that the trial court did 
not abuse its discretion by failing to set aside the default judgment and 
overrule Appellant’s first issue.
Craddock 
Test
        Appellant, 
in its third issue, asserts that the trial court abused its discretion in 
failing to grant a new trial because Appellant satisfied the Craddock 
test for setting aside a default judgment.  First, Appellant contends that 
its failure to timely answer Appellee’s original petition was not intentional 
or the result of conscious indifference.  In determining whether a party 
acted intentionally or with conscious indifference, we look to the party's 
knowledge and acts or the knowledge and acts of their attorney. Whitworth v. 
Blumenthal, 59 S.W.3d 393, 400 (Tex. App.—Dallas 2001, pet. dism'd by agr.).  
Proof of accident or mistake negates intentional disregard or conscious 
indifference. Id. at 401. Some excuse, but not necessarily a good excuse, 
is enough to show lack of intentional disregard or conscious indifference.  
Id.  Furthermore, under Craddock, a trial court must grant a 
motion for new trial if the plaintiff's evidence negating conscious indifference 
is uncontroverted.  Strackbein v. Prewitt, 671 S.W.2d 37, 38-39 
(Tex. 1984).  The defaulting party bears the burden of supporting a claim 
of accident or mistake with evidence.  Rittmer v. Garza, 65 S.W.3d 
718, 724 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  The defaulting 
party satisfies its burden if the factual assertions in the defaulting party’s 
new trial affidavits are not controverted and if the affidavits set forth facts 
that, if true, negate intent or conscious indifference.  Evans, 889 
S.W.2d at 269.  However, conclusory allegations are insufficient.  Holt 
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 82 (Tex. 1992); Folsom 
Inv., Inc. v. Troutz, 632 S.W.2d 872, 875 (Tex. App—Fort Worth 1982, writ 
ref'd n.r.e.).
        When 
the defaulting party relies on an agent or representative to file an answer to a 
suit, it must establish that the failure to file an answer was not the result of 
the party’s or the agent’s conscious indifference.  Estate of 
Pollack v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993); Lowe v. Lowe, 
971 S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  
Here, Appellant makes a conclusory statement that the case was assigned to an 
attorney in Dallas named Kevin Thompson without clarifying what was entailed in 
“assigning” the case.  Appellant did not provide an affidavit or live 
testimony from Thompson and therefore has presented no evidence with respect to 
Thompson’s handling of the case.  Consequently, Appellant has not met its 
burden to establish that the failure to file an answer was not the result of 
Thompson’s conscious indifference.  Estate of Pollack, 858 S.W.2d 
at 391; Lowe, 971 S.W.2d at 723. Because Appellant did not establish the 
first prong of the Craddock test, it is unnecessary for us to address the 
remaining two prongs, and we conclude that the trial court did not abuse its 
discretion in denying Appellant’s motion for new trial. We overrule 
Appellant’s third issue.
Conclusion
        Having 
overruled all of Appellant’s non jurisdictional issues, we affirm the trial 
court’s judgment.
 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
  
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
GARDNER, 
J. filed a concurring opinion.
 
DELIVERED: 
May 20, 2004


COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-270-CV
  
 
  
CONTINENTAL 
CASUALTY COMPANY                                     APPELLANT
 
V.
 
SALVIDOR 
DAVILLA                                                                 APPELLEE
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I 
concur in the opinion and result, except as to the discussion regarding the 
motion to extend the postjudgment deadlines after a default judgment.  An 
unintended implication could arise from the majority opinion that a clerk may 
properly send notice of a default judgment to a defendant’s registered agent 
for service.  The majority indicates the trial court denied Appellant’s 
motion to extend the postjudgment deadlines because there was no evidence that 
Appellant’s registered agent for service of process, CT Corp System, also did 
not receive timely notice of the default judgment.  I do not believe that 
the address of the registered agent for service is the correct address to send a 
notice of default judgment.  And in fairness to the trial court, the 
context of that statement should be made clear.
        The 
trial judge made that statement only after he had repeatedly inquired of and 
reminded the lawyers that a specific rule required the clerk to send notice of a 
default judgment to the last known mailing address of a defendant.  Neither 
side produced a copy of that rule or addressed its requirements . Both parties 
simply agreed that the last known address in this case was Appellant’s 
registered agent for service of process and focused, instead, on whether there 
was evidence that the notice was not received.
        Rule 
239a specifically governs notice of default judgments, requiring that, at or 
immediately before a default judgment is rendered, the party taking it or his or 
her attorney “shall certify to the clerk in writing the last known mailing 
address of the party against whom the judgment is taken.”[1] I believe this rule is the one the trial judge was 
referencing and that it, as well as Rule 21a, applies here.[2]  
Rule 239a further provides:
  
Immediately 
upon the signing of the judgment, the clerk shall mail written notice thereof to 
the party against whom the judgment was rendered at the address shown in the 
certificate, and note the fact of such mailing on the docket.”[3]
  
 
        Once 
the required certificate of the last known mailing address of the defendant is 
on file, a presumption then arises, in absence of proof to the contrary, that 
the clerk has sent the notice required by Rule 239a.[4]  
Rule 21a, regarding the “method” of service, likewise generally provides for 
service of notices by mailing to a party’s last known address, and specifies 
how proof of mailing invokes an additional rebuttable presumption that the 
notice was received.[5]  For default judgments, 
I do not believe that Rule 21a even comes into play until the certificate is on 
file. In this case, the records management clerk testified that there was no 
last known address for Appellant on file and that she would thus have sent the 
notice of the default judgment to the address on the citation return, i.e., the 
address of CT Corp System as registered agent of service for Appellant.
         Nevertheless, 
because the parties simply agreed that the proper address for sending notice in 
this case was that of Appellant’s registered agent and no issue was raised as 
to the correctness of that address, the majority correctly holds that 
Appellant’s burden to rebut the presumption of receipt was met by the evidence 
that its registered agent, CT Corp System, received no notice and that Appellant 
did not receive notice or actual knowledge of the judgment until July 26.
        Rule 
239a requires mailing of the notice to the defendant’s last known mailing 
address “notwithstanding that the defendant may have a different office 
designated for service of process.”[6] Whether the 
office of the agent designated for service of process is the defendant’s 
correct last known address under Rule 239a may become particularly important if 
the judgment becomes final and the defendant is forced to file a bill of 
review.  A bill of review is an independent action to set aside a judgment 
no longer reviewable by motion for new trial or appealable.[7]
        A 
defendant deprived of an opportunity to file a timely motion for new trial or 
timely appeal after a default judgment because of erroneous information 
furnished to or by the clerk may be entitled to a bill of review when his 
failure to answer was not intentional or the result of conscious indifference.[8]  A clerk’s failure to send the notice to the 
correct last known address as required by Rule 239a is equivalent to 
“misinformation,” which may entitle the defendant to have the judgment set 
aside on bill of review.[9]
        Rule 
239a is an administrative convenience for parties, and its purpose is to permit 
timely filing of postjudgment motions by a defendant.[10]  
Failure of the plaintiff to furnish the correct last known mailing address or of 
the clerk to send the required notice is not reversible error on ordinary or 
restricted appeal.[11]  Therefore, I join in 
the opinion and the result reached by the majority with the exceptions noted.
  
 
                                                                  ANNE 
GARDNER
                                                                  JUSTICE
 
 
DELIVERED: 
May 20, 2004


* Majority Opinion by Justice Holman; Concurring Opinion by Justice 
Gardner
NOTES
MAJORITY OPINION NOTES
1.  
CNA Group of Insurance Companies includes Appellant.
2.  
Thirty days from June 26, 2003 fell on Saturday, July 26, 2003. Under Texas Rule 
of Civil Procedure 4, Appellant’s deadline did not expire until the end of the 
day on Monday, July 28, 2003. Tex. R. Civ. 
P. 4.
3.  
Appellant’s notice of appeal, filed on September 12, 2003, was filed within 
ninety days of June 26, 2003.
CONCURRING 
OPINION NOTES:
1. 
Tex. R. Civ. P. 239a (emphasis 
added). In contrast, Tex. R. Civ. P. 
306a(3) generally provides that, when a final judgment or appealable 
interlocutory order is signed, the clerk “shall immediately give notice to the 
parties or their attorneys of record by first-class mail.” Notice of a 
judgment dismissing for want of prosecution is governed by Rule 165a(1), which 
states that notice of the dismissal “shall be given as provided in Rule 
306a.” Tex. R. Civ. P. 306a.
2.  
See Tex. R. Civ. P. 21a, 
239a.
3. 
 Tex. R. Civ. P. 239a (emphasis added).
4.  
Sanchez v. Tex. Indus., Inc., 485 S.W.2d 385, 387 (Tex. Civ. App.—Waco 
1972, writ ref’d n.r.e.).
5.  
Tex. R. Civ. P. 21a.
6.  
Buddy “L”, Inc. v. Gen. Trailer Co., 672 S.W.2d 541, 545 (Tex. 
App.—Dallas 1984, writ ref’d n.r.e.) (citing Hillson Steel Prods., Inc. 
v. Wirth, Ltd., 538 S.W.2d 162, 166 (Tex. Civ. App.—Houston [1st Dist.] 
1976, no writ)).
7.  
Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999); Caldwell 
v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998).
8.  
Petro-Chem. Transp., Inc. v. Carroll, 514 S.W.2d 240, 244 (Tex. 1974) 
(citing Hanks v. Rosser, 37 8 S.W.2d 31 (Tex. 1964)).
9.  
Id. at 243; Long v. McDermott, 813 S.W.2d 622, 623 (Tex. 
App.—Houston [1st Dist.] 1991, no writ); Buddy “L”, 672 S.W.2d at 
545.
10.  
See, e.g., Clements v. Barnes, 822 S.W.2d 658, 660 (Tex. App.—Corpus 
Christi 1991), rev’d on other grounds, 834 S.W.2d 45 (Tex. 1992); 
Bloom v. Bloom, 767 S.W.2d 463, 468 (Tex. App.—San Antonio 1989, writ 
denied).
11.  
Campbell v. Fincher, 72 S.W.3d 723, 725 (Tex. App.—Waco 2002, no pet.) 
(holding bill of review, not restricted appeal, proper remedy for failure of 
clerk to send notice of default judgment); Long, 813 S.W.2d at 624 
(holding judgment not reversible error on ordinary appeal for party’s failure 
to furnish correct certificate); Grayson Fire Extinguisher Co. v. Jackson, 
566 S.W.2d 321, 322 (Tex. Civ. App.—Dallas 1978, writ ref’d n.r.e.) (same).