IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00348-CR

No. 10-09-00349-CR

No. 10-09-00350-CR

No. 10-09-00378-CR

 

Daniel Edward Mickey,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court Nos. 08-04329-CRF-272,
08-04331-CRF-272,

08-04332-CRF-272, and
08-04330-CRF-272

 



MEMORANDUM  Opinion



 

            Daniel Edward Mickey appeals from
convictions for six offenses.  During a bench trial on each charge, Mickey
changed his plea from not guilty to guilty on all charges but one, burglary of
a habitation.  The trial court found him guilty of the lesser-included offense
of criminal trespass.  He was sentenced to four terms of imprisonment for
seventeen (17) years in the Texas Department of Criminal Justice – Institutional
Division, two years’ confinement in the state jail, and one year in the county
jail, each to be served concurrently.  Mickey raises one issue on appeal:  that
he received ineffective assistance of counsel due to his counsel’s failure to
investigate an insanity defense, which rendered his plea involuntary.  Because
we find that the record is insufficient to make this determination, we affirm
the judgments of the trial court.

Standard of Review

To prevail on an ineffective-assistance claim,
Mickey must prove (1) counsel’s representation fell below the objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for counsel’s deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  In considering an ineffective-assistance claim, we indulge a
strong presumption that counsel’s actions fell within the wide range of reasonable
professional behavior and were motivated by sound trial strategy.  Strickland,
466 U.S. at 689; Thompson, 9 S.W.3d at 813; Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  To overcome this presumption, a
claim of ineffective assistance must be firmly demonstrated in the record.  Thompson,
9 S.W.3d at 814.  In most cases, direct appeal is an inadequate vehicle for
raising such a claim because the record is generally undeveloped and cannot
adequately reflect the motives behind trial counsel’s actions.  Rylander v.
State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); Thompson, 9
S.W.3d at 813-14. 

In Hill v. Lockhart, the Supreme Court held
that the Strickland test applies to challenges to
guilty pleas based on ineffective assistance of counsel.  474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); Ex Parte Imoudu, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009).  In the context of a guilty plea, a defendant satisfies the
prejudice requirement by showing that he would not have pleaded guilty and
would have insisted on going to trial.  Id.  “Where the alleged error of
counsel is a failure to advise the defendant of a potential affirmative defense
to the crime charged, the resolution of the ‘prejudice’ inquiry will depend
largely on whether the affirmative defense likely would have succeeded at
trial.”  Id.

When the record is silent regarding trial
counsel’s strategy, we will not find deficient performance unless the
challenged conduct was “so outrageous that no competent attorney would have engaged
in it.”  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005);
Robinson v. State, 16 S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000).  In
rare cases, however, the record can be sufficient to prove that counsel’s
performance was deficient, despite the absence of affirmative evidence of
counsel’s reasoning or strategy.  Id.

It is critical that Mickey obtain the necessary
record in the trial court to rebut the Strickland presumption that
counsel’s conduct was strategic for purposes of appeal.  Thompson, 9
S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref'd.).  This kind of record is best developed in a
hearing on a motion for new trial, or by an application for a writ of habeas
corpus.  See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); McCullough, 116 S.W.3d at 92.  Without evidence of the strategy
and methods involved concerning counsel’s actions at trial, the appellate court
will presume sound trial strategy.  See Thompson, 9 S.W.3d at 814.  The
record is silent as to any trial strategy by counsel.  Except as stated above,
when the record is silent as to counsel’s reason for failing to act in some
manner, the appellant fails to rebut the presumption that counsel acted
reasonably.  See Thompson, 9 S.W.3d at 814.

Mickey did not file a motion for new trial, and
there is no record as to his trial counsel’s investigations or strategies. 
Mickey attempts to rely on the decision of the Court of Criminal Appeals in Ex
Parte Imoudu; however, we do not find that decision to compel the result
Mickey seeks.  Imoudu was a habeas proceeding that had been remanded
back to the trial court for a hearing, during which the trial court heard
testimony from a mental health expert, trial counsel for Imoudu, and considered
an affidavit from Imoudu wherein he stated that he would have gone to trial had
he been informed of the availability of an insanity defense.  In this case,
there is no like record.  We find that without the benefit of trial counsel’s
reasoning or trial strategy, the record in insufficient to rebut the
presumption that his trial counsel acted reasonably.  In this case, this
determination would clearly be best made in a habeas proceeding.  We overrule
Mickey’s sole issue.

Conclusion

              We find that the record is silent as
to any strategy or reasoning by trial counsel regarding his actions during
Mickey’s proceedings.  We affirm the judgments of the trial court.

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed August 25, 2010

Do not publish

[CR25]






rite( '' );
 }

 On January 11, 1996, the parties, in an attempt to resolve all disputes
between them, entered into a Mutual Release and Confidentiality Agreement. However, once
again, the relationship between the parties went awry, and Victory Systems filed its first amended
petition alleging the Davenports had breached the mutual release agreement and owed over
$26,000 in past-due royalties. Victory Systems moved for summary judgment on its cause of
action. The trial court granted Victory Systems’ motion for summary judgment and terminated
the franchise agreement and the amended franchise agreement. It is from this order the
Davenports appeal.
PRESERVATION OF COMPLAINT
      The first issue presented for our review is whether the summary judgment proof attached to
Victory Systems’ motion was sufficient to conclusively prove Victory Systems’ entitlement to
summary judgment as a matter of law. The Davenports contend the affidavit is insufficient
summary judgment proof because it contains only legal conclusions. Victory Systems maintains
that the Davenports cannot raise this complaint on appeal because the Davenports failed to get a
ruling on the objection they made regarding Victory Systems’ summary judgment proof. We
disagree. Assuming, arguendo, the trial court neither expressly nor impliedly ruled on the
Davenports’ objection, in the context of a summary judgment proceeding, a defect in substance
cannot be waived by failing to object or by failing to obtain a ruling on an objection. See
Peerenboom v. HSP Foods, Inc., 910 S.W.2d 156, 160 (Tex. App.—Waco 1995, no writ). A
complaint alleging that a statement in an affidavit is conclusory and therefore insufficient summary
judgment proof is a defect in substance and may be raised for the first time on appeal. See Sorrells
v. Giberson, 780 S.W.2d 936, 938 (Tex. App.—Austin 1989, writ denied) (on rehearing); see also
Lara v. Tri—Coastal Contrs., Inc., 925 S.W.2d 277, 279 n.3 (Tex. App.—Corpus Christi 1996,
no writ). 
SUFFICIENCY OF SUMMARY JUDGMENT PROOF
      In its live pleading, Victory Systems alleged that the Davenports breached the mutual release;
consequently, that is the cause of action which Victory Systems, as movant, was required to prove
its entitlement as a matter of law. See Nixon v. Mr. Property Management, Co., 690 S.W.2d 546,
548-49 (Tex. 1985). As summary judgment proof, Victory Systems attached the affidavit of its
legal coordinator, Lynn Allison Rich. In her affidavit, Rich made the following statement:
The [Davenports] have failed to comply with the terms of the Mutual Release and
Confidentiality Agreement in the following respects:
 
a.Bank drafts scheduled for February, 1996 through November, 1997 in the
amount of $1,000.00 and $627.00 for December, 1997 for payment of past-due
royalties totaling $22,627.00 have not been honored by the [Davenports]. The
total amount owing for past-due royalties for 1994 and 1995 is $8,955.62;
 
b.The December, 1995 royalties of $4,985.53 have not been paid;
 
c.For the period of March, 1996 through June, 1997 the [Davenports] are
delinquent in royalties and the payment of royalties in the amount of
$11,461.56;
 
d.Reports and royalties for August and September, 1997 are estimated at
$1,083.11. Those royalties are due but have not been paid.
 
As of September, 1997, the total amount due to Victory Systems by the [Davenports] is
$26,485.82.

      We conclude that such statements contained in Rich’s affidavit are sufficiently fact-based as
to be competent summary judgment proof. See Blankenship v. Robins, 899 S.W.2d 236, 238
(Tex. App.—Houston 1994, no writ). Victory Systems was required to prove as a matter of law
that the Davenports had breached the mutual release and confidentiality agreement. Attached to
Rich’s affidavit was a copy of the mutual release which showed that it had been executed between
Victory Systems and the Davenports. Furthermore, Rich stated in her affidavit that the payments
required by the terms in the mutual release had not been made and provided the due dates for the
required payments. Thus, the Davenports’ contention that Victory Systems did not attach
competent summary judgment evidence to its motion is overruled.
SUFFICIENCY OF RESPONSE TO RAISE AN AFFIRMATIVE DEFENSE
      In their second issue presented for review, the Davenports contend the trial court erred in
granting Victory Systems’ motion for summary judgment because the Davenports raised a fact
issue in their response as to the affirmative defense of lack of consideration. 
      Victory Systems, as the movant for summary judgment, had the burden of showing that no
material issue of fact existed as to the cause of action and that it was entitled to judgment as a
matter of law. Nixon, 690 S.W.2d at 548-49. In a summary judgment proceeding, evidence
favorable to the non-movant will be taken as true, every reasonable inference will be indulged in
favor of the non-movant, and any doubts will be resolved in the non-movant’s favor. Id. 
However, if the party opposing a summary judgment relies on an affirmative defense to preclude
the granting of summary judgment, that party must come forward with evidence sufficient to raise
an issue of fact on each element of the defense. Brownlee v. Brownlee, 665 S.W.2d 111, 112
(Tex. 1984).
      The Supreme Court has defined consideration as a present exchange bargained for in return
for a promise which consists of either a benefit to the promisor or a detriment to the promisee. 
Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991). Furthermore, when
a written instrument recites a consideration, one is implied. Buddy L, Inc. v. General Trailer Co.,
Inc., 672 S.W.2d 541, 547 (Tex. App.—Dallas 1984, writ ref’d n.r.e.). This rule applies to
releases as well as other kinds of contracts. Id. As a consequence, it is incumbent upon the party
seeking to rebut this legal presumption to present evidence which is legally admissible on the
question of lack of consideration. Id. Mere conclusions of “no consideration” in an opposing
affidavit will not raise a fact issue. Id.
      Attached to the Davenports’ response to Victory Systems’ motion for summary judgment is
the five-page affidavit of Phillip D. Davenport. Of the entire affidavit, Phillip Davenport makes
only one reference to the mutual release and confidentiality agreement: “I received nothing in
return for executing the Release and the Confidentiality Agreement and the suit was kept on the
docket of this court.” We believe this statement to be but a “mere conclusion” on the part of
Phillip Davenport and do not find it sufficient to raise a fact issue which would preclude the
granting of summary judgment in Victory Systems’ favor. See id.; see also Brownlee, 665
S.W.2d at 112. We therefore hold the trial court did not err in granting Victory Systems’ motion
for summary judgment.
INCORPORATION OF NON-COMPETITION CLAUSE IN FINAL ORDER
      In their third issue presented for our review, the Davenports contend the trial court erred by
incorporating the non-competition clause into the final summary judgment order. The non-competition clause is part of the original franchise agreement. In essence, the non-competition
clause prohibits the Davenports from operating a business “substantially similar to T-Shirts Plus
franchised retail stores” within a fifty-mile radius of any T-Shirts Plus store for a period of two
years in the event the franchise agreement between the Davenports and Victory Systems is
terminated.
      We refer to section 15.50 of the Texas Business and Commerce Code to determine when a
non-competition clause, or covenant not to compete, is enforceable. See Tex. Bus. & Com. Code
Ann. § 15.50 (Vernon Supp. 1998). Section 15.50 reads:
Notwithstanding Section 15.05 of this code, a covenant not to compete is enforceable if
it is ancillary to or part of an otherwise enforceable agreement at the time the agreement
is made to the extent that it contains limitations as to time, geographical area, and scope
of activity to be restrained that are reasonable and do not impose a greater restraint than
is necessary to protect the goodwill or other business interest of the promisee.

Id.
      The Davenports argue that the non-competition clause was erroneously included in the final
summary judgment order because it is not “ancillary to or part of an otherwise enforceable
agreement.” To determine if the non-competition clause is ancillary to or part of an otherwise
enforceable agreement, we must ascertain whether, at the moment the agreement was made, there
existed other mutually binding promises to which the clause is ancillary or a part. CRC-Evans
Pipeline Inter., Inc. v. Myers, 927 S.W.2d 259, 263 (Tex. App.—Houston [1st Dist.] 1996, no
writ). If, at the time the agreement was signed, the agreement was enforceable, then the non-competition clause is valid and the trial court did not err by incorporating it into the final order. 
However, if the agreement was not enforceable at the time it was signed, then the non-competition
clause is not considered ancillary to an otherwise enforceable agreement and is therefore void.
      The Davenports argue that the franchise agreement is not enforceable due to a failure of
consideration. In response to Victory Systems’ motion for summary judgment, the Davenports
attached the affidavit of Phillip Davenport. Despite allegations that Phillip Davenport and his wife
received no assistance from Victory Systems in: (1) locating a space for their store, (2) assisting
with the “build-out” of the store, (3) providing training for operating the store, (4) assisting with
the start-up and opening of the store, or (5) obtaining inventory for their store, there is nothing
in Phillip Davenport’s affidavit that raises a fact issue as to the enforceability of the franchise
agreement at the time the franchise agreement was executed.


 See CRC-Evans Pipeline Intern.,
927 S.W.2d at 263; see also Brownlee, 665 S.W.2d at 112. Consequently, we will affirm the trial
court’s final judgment which incorporates the non-competition clause.
      The judgment is affirmed.
 
                                                                         BOBBY L. CUMMINGS
                                                                         Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed September 9, 1998
Do not publish