

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00304-CV

BARRY NUSSBAUM

APPELLANT

V.

BUILDERS BANK, AN ILLINOIS
BANKING CORPORATION

APPELLEE

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 236-265485-13

----------

## OPINION ON REHEARING

----------

## I. INTRODUCTION

On July 2, 2015, we issued an opinion affirming the trial court's judgment in this appeal involving competing summary-judgment motions filed in a bill-of-review proceeding. The focus of our original opinion was on whether Appellee Builders Bank had conclusively negated the third bill-of-review element that Appellant Barry Nussbaum was required to establish—that his fault did not

partially cause the default judgment to be rendered against him. But on July 24, 2015, the Texas Supreme Court issued its opinion in *Katy Venture, Ltd. v. Cremona Bistro Corp.*, No. 14-0629, 2015 WL 4497983 (Tex. July 24, 2015). Because the supreme court's holding in *Katy Venture* is dispositive of this appeal, we grant Nussbaum's motion for rehearing. We withdraw our prior opinion and judgment dated July 2, 2015, and substitute the following in its place.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Nussbaum signed a guaranty agreement, guaranteeing repayment of a $4,526,871.00 loan made by Appellee Builders Bank, an Illinois Banking Corporation, to Meadowbrook 8B Limited Partnership (Borrower). Borrower subsequently defaulted on the loan, and in due course, Builders Bank sued Nussbaum for breach of the guaranty agreement. Nussbaum failed to answer, and Builders Bank obtained a default judgment against Nussbaum.

Subsequently, Nussbaum timely filed a bill-of-review proceeding challenging the default judgment. Nussbaum filed a traditional motion for summary judgment, claiming that the summary-judgment evidence conclusively established that he was not properly served with process and that he "never received notice of the [d]efault [j]udgment or the [f]inal [j]udgment."

Builders Bank filed a cross-motion for summary judgment. It argued that the summary-judgment evidence conclusively established that under the terms of the guaranty, Nussbaum had contractually agreed to receive service of process at a specific address and had failed to update that address as provided for in the

2

guaranty so that he was at least a partial cause of entry of the default judgment against him in the underlying lawsuit. Accordingly, Builders Bank asserted that it had conclusively negated the third bill-of-review element and was therefore entitled to summary judgment.

The trial court denied Nussbaum's motion for summary judgment, granted Builders Bank's motion for summary judgment, and ordered Nussbaum's bill-of-review action dismissed with prejudice. Nussbaum perfected this appeal. He raises one issue, challenging both the trial court's denial of his motion for summary judgment and the trial court's granting of Builders Bank's motion for summary judgment.

### III. STANDARD OF REVIEW

We review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To obtain summary judgment, the movant must establish that there are no issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 548 (Tex. 1985). "An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When reviewing a summary judgment, "[we] must consider whether reasonable and fair-minded jurors could

3

differ in their conclusions in light of all the evidence presented." *Id.* at 755. When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary-judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### IV. THE SUMMARY-JUDGMENT EVIDENCE

The summary-judgment evidence included the guaranty agreement and correspondence from Builders Bank. The May 20, 2005 guaranty agreement executed by Nussbaum provided, in pertinent part,[1]

> 17. **Notice**. All notices, communications and waivers under this Guaranty shall be in writing and shall be (i) delivered in person or (ii) mailed, postage prepaid, either by registered or certified mail, return receipt requested, or (iii) by overnight express carrier, addressed in each case as follows:
>
> . . . .
>
> to Guarantor:        Barry Nussbaum
> ----- Via De La Valle, Suite ---
> Del Mar, California 92014
>
> with a copy to:      Jesse Villarreal
> BNC Real Estate
> ------- Emily Road, Suite ---
> Dallas, Texas 75240

---

[1]We omit the numerical part of the address from our opinion pursuant to rule 9.9(a)(3) of the rules of appellate procedure. *See* Tex. R. App. P. 9.9(a)(3) (defining sensitive data as including home addresses).

4

*Or to any other address as to any of the parties hereto, as such party shall designate in a written notice to the other party hereto.*

. . . .

18. **CONSENT TO JURISDICTION**. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN COURTS HAVING SITUS IN TARRANT COUNTY, TEXAS. GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN TARRANT COUNTY, TEXAS, *WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO GUARANTOR AT THE ADDRESS STATED HEREIN AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.* [Italics added.]

Builders Bank filed suit on January 14, 2009 and attempted to serve Nussbaum with citation through the Texas Secretary of State. The summary-judgment evidence contains a *Whitney*[2] certificate from the Texas Secretary of State certifying that a copy of the citation and the original petition was received by that office on January 20, 2009; was forwarded on January 22, 2009, to Nussbaum at the address in section 17 of the guaranty agreement; and was returned bearing the notation, "No Forwarding Order on File."

A summary-judgment affidavit from Builders Bank's attorney indicates that on February 2, 2009, Builders Bank mailed a copy of an order it had obtained in

---

[2]*Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973).

5

its underlying suit against Nussbaum to him by Federal Express "at 990 Highland Drive." The Federal Express envelope was signed for by L. Gamby.

On May 19, 2009, Builders Bank filed a first-amended original petition, and again attempted service on Nussbaum through the Secretary of State at the Del Mar address. The summary-judgment evidence contains a second *Whitney* certificate from the Texas Secretary of State certifying that a copy of the citation and first amended petition was received by that office on May 22, 2009; was forwarded on May 26, 2009, to Nussbaum at the Del Mar address; and was returned bearing the notation, "No Forwarding Order on File." In his deposition, Nussbaum testified that he never designated by written notice to Builders Bank a current address for notice and service per the terms of the guaranty.

Deposition excerpts from Nussbaum establish that he owns BNC and that BNC maintains offices in California and in Dallas. Nussbaum executed a summary-judgment affidavit stating that in 2006 BNC moved from its California Via De La Valle address that was listed in the guaranty agreement; he testified his current office address was 990 Highland Drive, Solana Beach, CA 92075. His affidavit further provided,

> Although I had moved offices in March of 2006, I was and still am very easy to find. I have maintained the same cell phone number, office phone number and email address for over twenty years. In addition, I am and have always been listed in the telephone directory maintained by the local phone company. Further, BNC Real Estate does maintain an office in Dallas, Texas, which address has not changed in over fifteen years. In fact, this address is identified in the very guaranty agreement made the basis of the Underlying Case.

6

Builders Bank had all of this information prior to filing the Underlying Case and could have easily served me if that was its intention.

. . . .

I never received Citation, Builders Bank's Original Petition or First Amended Original Petition in the Underlying Case[,] or notice that Builders Bank had filed suit against me prior to this date. Further, I never received notice until this time that a judgment of any kind had been entered against me in the Underlying Case.

Nussbaum's affidavit stated that he was unaware of the default judgment rendered against him until Builders Bank attempted to domesticate it in a proceeding in California. Numerous documents were attached to Nussbaum's summary-judgment affidavit, including the certificate of defendant's last known address executed by Builders Bank in connection with the default judgment it obtained. Builders Bank's certificate of defendant's last known address states the Del Mar address as Nussbaum's last known address.

## V. APPLICABLE LAW

### A. Bill of Review Elements

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow and restricted. *See King Ranch, Inc. v. Chapman*,

118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). Bill-of-review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 97.

### B.  Bill of Review Claiming No Service of Process

A bill-of-review plaintiff claiming no service is relieved of the obligation to prove the first two elements because a judgment rendered without notice is constitutionally infirm regardless of whether the plaintiff possesses a defense he was prevented from making. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85, 108 S. Ct. 896, 899 (1988). A bill-of-review plaintiff alleging that he was not served, however, is still required to prove the third bill-of-review element—that the judgment was rendered unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 97. This third element may be considered established if the plaintiff proves that he was not served with process due to no fault or negligence on his part because, generally, an individual who is not served cannot be at fault in allowing a default judgment to be entered. *Id.* But a bill-of-review plaintiff who is not served with process because of his own fault or negligence is not entitled to relief in an equitable bill of review. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (holding bill-of-review plaintiff not served with process because of failure to update the address of registered agent

8

for service of process was not entitled to bill-of-review relief based on own fault or negligence); *Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 746–47 (Tex. App.—Corpus Christi 1996, no writ) (holding bill-of-review plaintiff not served with process because of failure to "claim" service of process properly mailed to him was not entitled to bill-of-review relief based on own fault or negligence); *see also Labra v. Labra*, No. 04-13-00285-CV, 2014 WL 3611551, at *2 (Tex. App.—San Antonio July 23, 2014, no pet.) (mem. op.) (holding bill-of-review plaintiff who did not receive notice of dispositive hearing because of failure to update her current address on file with the trial court was not entitled to bill-of-review relief based on own fault or negligence).

### C.  Bill of Review Claiming No Notice:  The Holding in *Katy Venture*

In *Katy Venture* the supreme court addressed the third bill-of-review element and drew a distinction between a defaulted defendant's negligence in failing to update its registered-agent address with the Secretary of State and a plaintiff's knowing use of an outdated address in its certificate of last known address for the defendant under Rule 239a.  *Katy Venture*, 2015 WL 4497983, at *2–3; *see also* Tex. R. Civ. P. 239a.  When a defaulted defendant fails to receive service of process because the defendant failed to update its registered agent's address with the Secretary of State, then the negligence or fault of the defendant contributed to entry of the default judgment so as to preclude the defaulting defendant from establishing the third bill-of-review element.  *Katy Venture*, 2015 WL 4497983, at *3; *Campus Invs.*, 144 S.W.3d at 466.  But a defaulted

9

defendant's failure to receive notice of a default judgment because of the plaintiff's knowing use of an outdated address in its Rule 239a certificate of defendant's last known address does not necessarily constitute negligence or fault attributable to the defendant so as to preclude the defaulting defendant from establishing the third bill-of-review element. *See Katy Venture*, 2015 WL 4497983, at *3. That is, if a plaintiff that knows the defendant's correct or more current address, but nonetheless supplies the trial court with an outdated address in its Rule 239a certificate, the plaintiff may have negligently contributed to the entry of a no-notice default judgment against the defendant. *Id.* And when some summary-judgment evidence exists that the plaintiff knew the defendant's current address but nonetheless utilized an outdated address in its certificate of last known address for the defendant and also some summary-judgment evidence exists that the defendant failed to update its registered-agent address, then a fact issue exists as to the third bill-of-review element precluding summary judgment for either the plaintiff or for the defendant in the bill-of-review proceeding. *Id.*

## VI. APPLICATION OF THE LAW TO THE PRESENT FACTS

Nussbaum raises a single issue and three subissues. For purposes of our analysis, we assume that Builders Bank is correct in its assertion that it conclusively established Nussbaum's own negligence in failing to update his contractually agreed-to address for service of process and that Nussbaum's

10

negligence in the service-of-process context contributed to the entry of the default judgment against him.[3]

Concerning Nussbaum's assertions that he did not receive notice of the default judgment, the summary-judgment evidence, viewed in the light most favorable to Nussbaum as the nonmovant, shows that on February 2, 2009, Builders Bank mailed a copy of an order it had obtained in its underlying suit against Nussbaum to him by Federal Express "at 990 Highland Drive." Nussbaum testified that this address was his current address, the one BNC had moved to from the Del Mar address. Yet Builders Bank's certificate of defendant's last known address—filed with the court after February 2, 2009— indicates that the Del Mar address was Nussbaum's last known address. Thus, some summary-judgment evidence exists—the February 2, 2009 Federal Express mailing—that Builders Bank knew Nussbaum's current address yet chose to supply the court with an outdated address in its Rule 239a certificate of defendant's last known address. *See* Tex. R. Civ. P. 239a; *Katy Venture*, 2015 WL 4497983, at *2–3. Viewed in the light most favorable to Builders Bank, the summary-judgment evidence raises a genuine issue of material fact as to

---

[3]Although our original opinion decided this issue in the affirmative, we need not determine the issue now because Nussbaum's summary-judgment evidence raises a fact issue per the holding in *Katy Venture*, even if Builders Bank conclusively established Nussbaum's negligence in failing to update his contractually-agreed-to address for service. *See Katy Venture*, 2015 WL 4497983, at *2–3; *see also* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of the appeal).

whether Builders Bank gave the trial court Nussbaum's last *known* mailing address as Rule 239a requires. *Katy Venture*, 2015 WL 4497983, at *2.

Even applying our assumption that Builders Bank conclusively established that Nussbaum's failing to update his contractually agreed-to address for service of process constituted negligence contributing to the entry of the default judgment against him, Nussbaum's alleged negligence in the service-of-process context did not necessarily contribute to causing Nussbaum's lack of notice in the notice-of-default-judgment context. *See id.* at *3. We cannot presume, and Builders Bank has not attempted to show, that Builders Bank would have provided Nussbaum's correct last known mailing address if Nussbaum would have provided written notice of his new address for service per the terms of the guaranty. *See id.* Therefore, because some summary-judgment evidence exists that Builders Bank knew Nussbaum's current address (the 909 Highland address) but nonetheless utilized an outdated address (the Del Mar address) in its Rule 239a certificate of last known address, even assuming Builders Bank conclusively established Nussbaum's negligence in failing to update his contractually-agreed-to address for service, a fact issue exists as to the third bill-of-review element precluding summary judgment for either Nussbaum or for Builders Bank. *Id.*

We therefore sustain Nussbaum's second and third subissues claiming that the trial court erred by granting summary judgment for Builders Bank and we

12

overrule Nussbaum's issue and his first subissue complaining that the trial court erred by denying his motion for summary judgment.

## VII. CONCLUSION

Having sustained Nussbaum's second and third subissues and having overruled his issue and first subissue, we reverse the trial court's summary judgment for Builders Bank and remand this case to the trial court for further proceedings.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

SUDDERTH, J., concurs without opinion.

DELIVERED:  October 1, 2015

13