

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-18-00120-CV

LUTEA, L.L.C. AND PHARIA, L.L.C.                              APPELLANTS

V.

W.S. DRAPER AKA WARNER                                    APPELLEE
DRAPER

----------

### FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 2013-005341-1-A

----------

## MEMORANDUM OPINION[1]

----------

We have before us an appeal by Lutea, L.L.C. and Pharia, L.L.C. (Lutea/Pharia) from a final judgment granting Appellee W.S. Draper aka Warner Draper's motion for summary judgment and denying Lutea/Pharia's motion for summary judgment in support of their bill of review. Through the latter, they sought to reverse a final default judgment issued by Tarrant County Court at Law

---

[1]*See* Tex. R. App. P. 47.4.

No. 1 (CCL) declaring "that the judgment obtained by Pharia, L.L.C. in Cause Number JP04-JS00010886, styled *Pharia, L.L.C. v. W.S. Draper a/k/a Warner Draper*, in the Justice Court, Precinct Four, of Tarrant County, Texas is void for want of subject matter jurisdiction" (CCL Judgment). Lutea/Pharia asserts that the trial court erred in granting Draper's motion and denying its own. We reverse.

### *Background*

This dispute concerns credit card debt allegedly owed by Draper. Lutea/Pharia came to own the debt and sued to recover it. Suit upon the debt was commenced in the Precinct Four, Tarrant County Justice Court (JP). That court entered judgment granting Lutea/Pharia monetary relief against Draper. After the period for appealing the judgment lapsed, Draper initiated suit against Lutea/Pharia in the CCL to void the judgment because JP purportedly lacked subject-matter jurisdiction over the proceeding.

No one denies Lutea/Pharia were duly served with the citation via their registered agent and that the citation and original petition were forwarded to the attorney representing them, Cody Moorse. Nor is it disputed that Moorse neglected to file an answer on their behalf. His lapse resulted in the entry of the CCL Judgment on October 3, 2013.

Lutea/Pharia filed neither a notice of appeal nor motion for new trial in an effort to negate the CCL Judgment. Furthermore, the record contains evidence indicating that neither Lutea/Pharia nor Moorse received notice of the judgment

2

until March 31, 2014. Apparently, Moorse was told of it on that date during a conversation with Draper's attorney. This led Moorse to request a copy of the judgment from the court clerk. The copy allegedly arrived on April 7, 2014. When it did, Moorse told his supervising attorney of it. His supervisor responded by directing him to "investigate the facts surrounding the service of the petition, what happened to it after it arrived at [the law firm] and what had happened in the County Court case, and report back . . . to determine the proper course of action." Moorse did not report back. Instead, he ended his tenure with the law firm several months later. Eventually, the aforementioned supervising attorney found the judgment "[o]n July 18, 2014, while reviewing Mr. Moorse's case load with Mr. Moorse's successor" and "realized that the default judgment had not been addressed." The discovery led to Lutea/Pharia petitioning for a bill of review on August 22, 2014.

### Jurisdiction

Lutea/Pharia initially attack the subject-matter jurisdiction of the CCL and its authority to render the default judgment. Their effort is twofold. That is, they contend the CCL lacked subject-matter jurisdiction over Draper's suit because (1) the effort was a collateral attack upon the JP's judgment and (2) Draper lacked standing to nullify the purportedly void judgment because he suffered no injury. We overrule each.

Regarding the matter of a collateral attack, we are a bit unclear as to the tenor of the argument. Lutea/Pharia seem to be suggesting that because the

3

record underlying the JP's judgment failed to illustrate that it (the JP) lacked jurisdiction, the CCL could not entertain the collateral attack. In other words, they seem to be suggesting that because both the record before the JP and its judgment failed to support Draper's claim, the CCL had no jurisdiction to entertain his attempt to prove the JP had no jurisdiction. To that we say the following.

"'It is well settled that a litigant may attack a void judgment directly or collaterally . . . .'" *Carlson v. Schellhammer*, No. 02-15-00348-CV, 2016 WL 6648754, at *2 (Tex. App.—Fort Worth Nov. 10, 2016, no pet.) (mem. op.) (quoting *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012)). Furthermore, a judgment is void and subject to collateral attack at any time when, among other things, there exists no jurisdiction over the subject matter of the dispute. *Carlson*, 2016 WL 6648754, at *2 (citing *PNS Stores, Inc.*, 379 S.W.3d at 272). That is the very thing Draper argued in his suit filed with the CCL.

He contended that the judgment rendered by the JP was *void*. In his view, it was void because that court lacked subject-matter jurisdiction to entertain the underlying dispute. Furthermore, not only was the absence of jurisdiction supposedly established by the allegations in the petition Lutea/Pharia filed, but the petition itself was also part of the record before the JP.[2] Thus, the judgment

---

[2]Draper contended that the JP lacked subject-matter jurisdiction to adjudicate the suit brought by Lutea/Pharia. It allegedly lacked such jurisdiction because the plaintiffs averred two causes of action (breach of contract and quantum meruit) and the amount in controversy with regard to one of them

4

was subject to collateral attack. Whether or not he could prove the substance of his allegation concerns his entitlement to the relief he sought, not the authority of the CCL to adjudicate the claim.

While it may be that "[w]hen attacked collaterally, a judgment is presumed valid," the "presumption disappears when the record establishes a jurisdictional defect." *PNS Stores. Inc.*, 379 S.W.3d at 273; *see also Freeman v. Formosa Mgmt., LLC*, No. 01-15-00907-CV, 2016 WL 6803234, at *4 (Tex. App.—Houston [1st Dist.] Nov. 17, 2016, pet. denied) (mem. op.) (stating that recent authority from the Texas Supreme Court suggests we should look at the entire record of the case under collateral attack and not merely the face of the judgment when determining whether the judgment is void). That was what Draper attempted to do, establish a jurisdictional defect.

Regarding the matter of standing, this court has defined the jurisdictional requirement as focusing on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome. *City of Arlington v.*

---

(quantum meruit) exceeded the $10,000 jurisdictional cap imposed on justice courts. *See* Tex. Gov't Code Ann. § 27.031(a)(1) (West Supp. 2017) (specifying that a justice court has jurisdiction over civil controversies in which the amount in dispute is not more than $10,000). In his view, lacking jurisdiction over one claim effectively denied the JP the jurisdiction to address either. Whether that is right or wrong is not a question we must answer at this time, though some authority suggests it to be wrong. *See e.g., Thibodeau v. Dodeka, LLC*, 436 S.W.3d 23, 26–27 (Tex. App.—Waco 2014, pet. denied) (rejecting this very contention that happened to be made by the very same attorney as in this appeal and holding that the justice court had subject-matter jurisdiction to adjudicate the cause of action to which an amount in controversy under $10,000 was assigned).

*Centerfolds, Inc.* 232 S.W.3d 238, 244 (Tex. App.—Fort Worth 2007, pet. denied). Such a relationship appeared here. Draper endeavored to set aside a purportedly void judgment ordering him to pay money to Lutea/Pharia. Given that, it can hardly be denied that he had a justiciable interest in the outcome of the proceeding and that he had standing to vitiate his status as a judgment debtor.

### Bill of Review

As previously mentioned, this is an appeal from the denial of a bill of review via the trial court's decision to grant Draper's motion for summary judgment. Thus, the applicable standard of review is that described by this court in *Nussbaum v. Builders Bank*, 478 S.W.3d 104, 106 (Tex. App.—Fort Worth 2015, pet. denied). Because *Nussbaum* also involved a bill of review wherein the petitioner sought to reverse a default judgment, it helps guide our review of that matter as well.

Per *Nussbaum*, such a bill ordinarily requires the plaintiff to plead and prove "(1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on their own part." *Id.* at 108. Yet, that is not true when the petitioner attempts to void a default judgment via a due-process challenge based upon the absence of notice of the default judgment. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164–65 (Tex. 2015). Under those circumstances, the first two

6

elements need not be pled or established. *Id.* Instead, the complainant need only establish that its own fault or negligence did not contribute to the absence of notice and, thereby, the loss of opportunity to attack the judgment through a motion for new trial or a direct appeal. *Id.* And, that element may be satisfied through evidence proving the failure to receive notice of the default judgment was caused by the use of a wrong address within a Texas Rule of Civil Procedure 239a certificate. *See Nussbaum*, 478 S.W.3d at 109 (stating that "[b]ut a defaulted defendant's failure to receive notice of a default judgment because of the plaintiffs [sic] knowing use of an outdated address in its Rule 239a certificate of defendant's last known address does not necessarily constitute negligence or fault attributable to the defendant so as to preclude the defaulting defendant from establishing the third bill-of-review element"); *Buddy "L", Inc. v. Gen. Trailer Co.*, 672 S.W.2d 541, 545 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (holding that because the judgment creditor failed to comply with Rule 239a, the judgment debtor was entitled to a bill of review).

Per Rule 239a, the party taking a default judgment must certify to the clerk in writing "the last known mailing address of the party against whom the judgment is taken." Tex. R. Civ. P. 239a. The procedural rule also obligates the court clerk to mail written notice of the default judgment to the party against whom it was rendered "at the address shown in the certificate, and note the fact of such mailing on the docket." *Id.* As suggested by the plain meaning of the passage, the "last known mailing address" of the litigant against whom the

7

judgment was taken is the last known address of the litigant. It is not the last known address of the litigant's registered agent for service of process. *See Buddy "L", Inc.*, 672 S.W.2d at 545 (stating that Rule 239a "requires certification of, and mailing to, the last known address of the defendant notwithstanding that the defendant may have a different office registered for service of process"); *see also Cont'l Cas. Co. v. Davila*, 139 S.W.3d 374, 384 (Tex. App.—Fort Worth 2004, pet. denied) (Gardner, J., concurring) (stating the same).

Here, Lutea/Pharia levies the type of due-process challenge mentioned in *Katy Venture, Ltd.*, 469 S.W.3d at 164–65. Lutea/Pharia contend, among other things, that (1) they failed to receive notice of the default judgment awarded Draper; (2) the failure was caused by the mistaken address Draper incorporated into his Rule 239a certificate; and (3) because of the misinformation, they were denied the opportunity to timely move for a new trial or perfect a direct appeal.

The certificate filed by Draper appears in the summary-judgment record. Through it, he represented that both of the last known addresses of Lutea and Pharia were "CT Corporation System, Registered Agent[,] 350 N. St. Paul Street, Suite 2900[,] Dallas, Texas 75201." Also of record is evidence that: (1) the CCL signed the default judgment underlying the bill of review on October 3, 2013; (2) the court clerk mailed notice of the "final order" to "all parties" on October 4, 2013, though the addresses used went unmentioned; (3) neither Lutea/Pharia nor their counsel received notice or knowledge of the default judgment until March 31, 2014; (4) the address of CT Corporation is not the actual address of

8

either Lutea or Pharia but rather the address of their registered agent for service of process; and (5) Draper had been informed of Pharia's last known address through pleadings served on him during the JP suit.[3]

It is unquestionable that the time period between October 3, 2013, and March 31, 2014, exceeds the thirty-day period within which one must move for a new trial. *See* Tex. R. Civ. P. 329b(a) (stating that a motion for new trial must be filed before or within thirty days after the judgment or order complained of is signed). The same is true concerning the thirty-day or ninety-day period in which one must perfect a direct appeal. *See* Tex. R. App. P. 26.1 (stating that a notice of appeal must be filed within thirty days after the judgment is signed or within ninety days if a motion for new trial or to modify the judgment is filed).[4]

That Draper's Rule 239a certificate incorporated misinformation regarding the last known address of Lutea/Pharia also appears unquestionable. It provided the clerk information about the address of the registered agent selected by

---

[3]The summary-judgment record contains evidence that Lutea and Pharia had the same mailing address.

[4]We note Draper's suggestion that Lutea/Pharia still had time to perfect a restricted appeal when their attorney first became aware of the default judgment on March 31, 2014. *See* Tex. R. App. P. 26.1(c) (stating that in a restricted appeal, the notice must be filed within six months after the final judgment or order is signed). Yet, the failure to perfect a restricted appeal does not bar a bill of review. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (holding that a restricted appeal is not a prerequisite to a bill of review); *Pope v. Pope*, No. 12-09-00188-CV, 2011 WL 1259532, at *3 (Tex. App.—Tyler Mar. 31, 2011, no pet.) (mem. op.) (holding that the "adequate legal remedies" pretermitting a bill of review do not include a restricted appeal).

Lutea/Pharia to receive service of process. It did not comply with the clear dictate of Rule 239a by informing the clerk of the last known addresses of Lutea or Pharia, even though Draper had information at least about the last known address of Pharia.

When the foregoing is considered together in a light most favorable to Lutea/Pharia as required by *Nussbaum*, we encounter, at the very least, a material issue of fact regarding satisfaction of the last bill-of-review element. 478 S.W.3d at 106, 110. That is, the summary-judgment record contains evidence creating a material issue of fact concerning whether the failure of Lutea/Pharia to receive notice of the default judgment and challenge it through a timely motion for new trial or a direct appeal was unmixed with any fault or negligence on their own part. *See Buddy "L", Inc.*, 672 S.W.2d at 545. And, again, this was the only element for a bill of review in play, given the nature of Lutea/Pharia's contention. So, the trial court erred in granting Draper's motion for summary judgment denying the bill of review. For the same reason—this material issue of fact—the trial court properly denied Lutea/Pharia's motion for summary judgment.

We reverse the final judgment of the trial court and remand for further proceedings.

/s/ Brian Quinn
BRIAN QUINN
CHIEF JUSTICE

10

PANEL: WALKER and BIRDWELL, JJ.; and QUINN, C.J. (Sitting by Assignment).

DELIVERED: July 26, 2018