

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00418-CV

———————————————————

JAMES MCWILLIAMS, Appellant

V.

KO CONSTRUCTION, LLC, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV23-06-463

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

## I. Introduction

In November 2021, Appellee KO Construction, LLC sued Appellant James McWilliams (doing business as J & J Truck & Trailer Repair) for breach of contract, negligence, breach of implied warranty, and violation of the Deceptive Trade Practices Act (DTPA), for a bad repair job a few months before. In December 2021, the trial court rendered a partial default judgment for KO as to McWilliams's liability, and on August 12, 2022, the trial court rendered a final default judgment, awarding KO damages and attorney's fees.

Almost a year later, on June 26, 2023, McWilliams filed a petition for bill of review, complaining that he had received no notice of the default judgment until May 2023. The trial court denied the petition for bill of review, and McWilliams appeals, asserting that the trial court abused its discretion by doing so. Because the trial court did not abuse its discretion by denying McWilliams's petition, we will affirm.

## II. Background

We begin with a review of McWilliams's petition for bill of review, followed by KO's answer, the trial court's hearing, and then post-hearing proceedings.

### A. McWilliams's petition for bill of review

In his petition for bill of review, McWilliams asserted that he had never received notice of either the partial or final default judgment until a Wise County deputy delivered a copy to him on May 4, 2023, and that the trial court clerk's

attempts to provide him with notice had been unsuccessful because KO's attorney had provided a "knowingly false" Rule 239a certification of his last known address[1] as 1503 Mockingbird Lane, Bridgeport, Texas 76426 (the Mockingbird address). In the petition, McWilliams listed his address as 303 Industrial Park, Bridgeport, Texas 76426 (the Industrial Park address).

McWilliams argued that KO's counsel had known when she made the Rule 239a certification that "a more recent 'good' address for McWilliams[] would be his business or shop address [the Industrial Park address] . . . because this is where [KO's] private process server had successfully served [him] *less than a month earlier*." He further stated, "That this better, more recent, and more reliable address for McWilliams was known to [KO's counsel] at the time of her [Rule] 239a certification seems irrefutable," referencing the e-file certificate filed by KO's counsel that accompanied the process server's completion of service.[2]

---

[1]Rule of Civil Procedure 239a requires a party who obtains a default judgment to certify the defendant's "last known mailing address" to the court clerk, who then mails written notice of the default judgment to that address. Tex. R. Civ. P. 239a; *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 162 (Tex. 2015) (citing Tex. R. Civ. P. 239a).

[2]McWilliams also attacked KO's damages affidavit and argued that he was never served with a proper notice or demand under the DTPA or under Civil Practice and Remedies Code Chapter 38, and he identifies these deficiencies on appeal. We do not reach them because our resolution of his two primary points is dispositive. *See* Tex. R. App. P. 47.1.

To his petition, McWilliam attached a certified copy of the trial court clerk's record. It showed that on November 15, 2021, McWilliams was served; that on December 22, 2021, the partial default judgment was entered, and a certified copy was mailed to McWilliams at the Mockingbird address; and that on December 29, 2021, the copy was returned "not deliverable as addressed." It also showed that the final judgment was rendered August 12, 2022, and mailed to McWilliams at the Mockingbird address; there is no corresponding notation that it was returned as not deliverable. However, there is a notation as to the abstract of judgment on August 18, 2022, stating that McWilliams was "[u]nserved."

McWilliams also attached a copy of KO's original petition, which listed McWilliams's address for service as his residence at the Mockingbird address, and KO's e-filed request for issuance, which listed McWilliams as the party to be served and his address as the Mockingbird address. The return of service shows that McWilliams was served "11/15/2021 @ 10:00 AM" at the Industrial Park address.

McWilliams also attached KO's motion for entry of partial default judgment in which KO stated that McWilliams's last known mailing address was the Mockingbird address. And he attached KO's motion for final judgment, which did not state McWilliams's last known mailing address, and to which KO had attached its chief operations officer's affidavit to support a damages award and its counsel's affidavit to support an attorney's-fee award. McWilliams further attached KO's August 15, 2022 e-filed request for issuance of an abstract of judgment and writ of execution,

4

which listed McWilliams's address as the Industrial Park address, and the abstract of judgment, which issued with the Industrial Park address. KO's April 14, 2023 e-filed request for issuance of an abstract of judgment and writ of execution listed McWilliams's address as the Mockingbird address.

## B. KO's Answer

KO answered McWilliams's petition with a general denial and specifically denied that any wrongful acts had occurred, stating, "McWilliams admitted to being successfully served in the underlying suit, yet he did not file an answer or otherwise make an appearance in the underlying case."[3] KO further stated, "The last known mailing address was provided in the Rule 239a certificate. This same mailing address is to this day still listed as McWilliams' mailing address according to the Wise County Appraisal District's records." KO attached to its answer an exhibit showing a July 17, 2023 listing on the Wise County Appraisal District's website for J & J Truck & Trailer Repair's mailing address, which was James McWilliams at the Mockingbird address.

KO also raised as affirmative defenses McWilliams's own fault, negligence, conscious indifference, and laches, asserting that McWilliams had had a full and fair opportunity to litigate the underlying case's merits after he was successfully served. KO argued that McWilliams's petition failed because McWilliams had failed to offer any evidence that his own fault or negligence did not contribute to or cause the lack

---

[3]Despite KO's referencing this admission, McWilliams did not seek to amend his petition for bill of review.

5

of notice of the default judgment when McWilliams admitted that he had been successfully served with the citation and a copy of the original petition but did not explain or excuse his failure to file an answer.

## C. Bill of review hearing

The trial court heard McWilliams's bill of review on August 31, 2023.[4] During McWilliams's counsel's opening statement, the trial court asked, "The citation says that he was served on November 15th, 2021, at 10:00 a.m., at [the Industrial Park address]. Is that the correct business address?" McWilliams's counsel replied, "That is his business address. He says he didn't get served." During KO's opening statement, KO's counsel noted, "[A]s counsel chastised and warned us in . . . his own brief, the merits of the underlying litigation are not what's at issue here. What's at issue is did the Plaintiff in this case receive service? Did he receive notice?"

After the trial court asked McWilliams's counsel if he intended to offer any testimony at the hearing, McWilliams's counsel called McWilliams to testify.

---

[4]As related to McWilliams's complaints below and as a pretrial matter, a bill-of-review plaintiff usually must present prima facie proof to support his or her meritorious-defense contention. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). This preliminary showing—known as a *Baker* hearing—is essential "to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Id.* The record does not contain the notice of hearing indicating whether this hearing was identified as or intended to be a preliminary *Baker* hearing. *Cf. Pope v. Perrault*, No. 01-21-00648-CV, 2023 WL 4003516, at *6 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.) ("The appellate record in this case shows that both hearings were noticed as preliminary *Baker* hearings.").

McWilliams testified that he had moved from the Mockingbird address five years before (approximately August 2018), when he and his ex-wife separated. He stated that it remained a good address for her but not for him. And he denied that he had ever been served in KO's lawsuit even though "[e]verybody knows" his shop's location. He stated that the first time he was served with any paperwork was "[w]hen [he] got the writ of execution" in April 2023.[5]

During cross-examination, McWilliams testified that his current residence was in Decatur, that his son—who had the same name as McWilliams—lived at the Mockingbird address, and that his mother owned the house at the Mockingbird address.

KO's counsel then asked McWilliams about a 2018 white GMC truck that was originally titled in his name and registered at the Mockingbird address, which McWilliams stated had belonged to his ex-wife, who had since died.[6] He stated, "I don't even have that truck anymore." A 2010 Hyundai had originally been registered in his name at the Mockingbird address, but McWilliams stated that it belonged to his daughter, who lived in Oklahoma, and that he "believe[d] it's running Oklahoma tags." A 2003 Ford truck had been registered at the Mockingbird address, and

---

[5]McWilliams also testified about the merits of his defenses.

[6]McWilliams did not testify about when she died.

7

McWilliams stated that it was probably registered in his name and—as to the Mockingbird address—"that's where it's sitting."

McWilliams agreed that his business, J & J Truck & Trailer Repair, paid business property taxes to the Wise County Appraisal District. When asked whether the appraisal district mailed the notices of appraised value and tax bills to the Mockingbird address, McWilliams replied, "I'm assuming so. Probably. But, I mean -- hell, I don't know." He agreed that his business was located at the Industrial Park address but said that its new address was 233 State Highway 114 because "[t]he City of Bridgeport changed addresses because the side of the road [his business is] on is not in the industrial park." McWilliams did not know whether the Comptroller's Office had his business listed at the Mockingbird address—stating, "I don't know, probably"—because his ex-wife had been responsible for remitting the business's sales tax. He stated that he had never registered an assumed name certificate with the state but had done so with the county and that he had dropped his "DBA paper" name, stating, "I stay under J&J because that's what everybody knows me as, but as far as the DBA paper, I don't use it."

The following dialogue then occurred:

> Q. Now, have you read what your counsel wrote in this case, that you were served with process?
>
> A. I wasn't served.
>
> Q. Okay. So you're denying that now?

A. I've always denied it. I was not served with process. I was served with a writ of execution.

Q. And so you never filed -- you didn't file an answer in the underlying case?

A. No.

During his redirect examination, McWilliams stated, "I've been served with nothing except that writ of execution that I got, and they called me on the phone to get the right address."

On recross examination, KO's counsel asked the trial court to take judicial notice of McWilliams's verified petition for bill of review, and the trial court did so. KO's counsel then directed McWilliams to the petition's sixth paragraph, in which McWilliams stated that KO's counsel "knew that a more recent good address for . . . McWilliams would be his business or shop address at [the Industrial Park address] because this is where the Plaintiff's private process server had successfully served McWilliams less than a month earlier," and to the petition's verification, which McWilliams agreed that he had signed and in which he had sworn that everything in the document was true. After McWilliams stepped down, KO's counsel asked the trial court to review "by way of judicial notice" the 2023 appraisal district information attached as an exhibit to its answer. The trial court reviewed the information and then stated, "So noted."[7]

---

[7]McWilliams never objected that KO was going outside a *Baker* hearing's scope. *Cf. Pope*, 2023 WL 4003516, at *7 ("Perrault objected twice during the de novo hearing

At the hearing's conclusion, McWilliams's counsel argued that he did not receive notice "and there's nothing in the file at all to reflect that he did." KO's counsel responded that, "[I]t's not a strict I didn't get notice so I get a . . . get-out-of-jail-free card. It's a I didn't get notice, and none of this is my fault that I didn't get notice." The trial court observed, "[T]here does seem to be evidence that this business continues to use the Mockingbird address even now for things that have to do with the business, so . . . I'm going to deny the bill of review and the judgment as originally entered by the Court will stand."

## D. Post-hearing proceedings

In its order denying the bill of review, the trial court stated that it had considered "the pleadings, records, and affidavits on file" and had ruled after "having heard the arguments of counsel at a hearing." In its order, the trial court gave KO fourteen days to prove up its attorney's fees and stated that McWilliams would then have fourteen days to file a response.

On September 13, 2023, McWilliams prematurely filed a request for findings of fact and conclusions of law.[8] *See* Tex. R. Civ. P. 296 (providing request for findings

---

on the ground that Pope was arguing outside the scope of a *Baker* hearing. Thus, Perrault's conduct at both hearings indicates her understanding of the limited nature of the preliminary hearing.").

[8]The trial court signed a final judgment with no attorney's-fee award on September 9, 2023 (the judgment was filed September 19, 2023). On September 20, 2023, the trial court sua sponte vacated it.

10

and conclusions shall be filed "within twenty days after judgment is signed"); Tex. R. Civ. P. 306c (stating that no request for findings and conclusions shall be held ineffective because prematurely filed but rather is deemed to have been filed on the date of but subsequent to the time of signing of the judgment).

On September 26, 2023, McWilliams filed a motion for reconsideration in which he argued that dismissal at a preliminary *Baker* hearing on any ground other than his failure to present prima facie proof of a meritorious defense—a question of law—would be reversible error and that his allegations denying proper service of process had to be taken as true. The trial court denied the motion.

On October 4, 2023, McWilliams filed a notice of past due findings of fact and conclusions of law. The trial court signed the final judgment, in which it awarded attorney's fees to KO, on October 12, 2023, making McWilliams's request for findings and conclusions timely, *see* Tex. R. Civ. P. 306c, but making his notice of past-due findings and conclusions untimely, *see Burley v. Burley*, No. 02-16-00119-CV, 2017 WL 4542854, at *2 (Tex. App.—Fort Worth Oct. 12, 2017, no pet.) (mem. op.) ("Unlike a premature request for findings of fact and conclusions of law, Rule 306c does not provide for deeming as timely filed a premature notice of past due findings."). The trial court did not file any findings and conclusions.

## III. Discussion

We begin with a review of the law before applying it to McWilliams's facts.

11

## A. Bill of review

A bill of review is a method to attack a default judgment. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). We review a trial court's ruling on a bill of review for an abuse of discretion. *York v. Cooper-York*, No. 02-20-00356-CV, 2021 WL 2753527, at *4 (Tex. App.—Fort Worth July 1, 2021, pet. denied) (mem. op.) (explaining that under the abuse-of-discretion standard, the court inquires as to whether the trial court acted without reference to any guiding rules or principles, i.e., whether its act was arbitrary or unreasonable).

As we have previously explained,

> A bill of review functions as "an independent equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer subject to challenge by appeal." To protect finality of judgments, "the petitioner's burden is heavy[,] and the grounds on which relief may be obtained by a bill of review are narrow and defined."

*Id.* (citations omitted). That is, "[t]he fact that an injustice might have occurred is not sufficient to justify relief by bill of review." *Sparlin v. Gomez*, No. 02-20-00236-CV, 2021 WL 4205058, at *1 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op.). In reviewing the denial of a bill of review, every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless an abuse of discretion is affirmatively shown. *Id.*

A bill-of-review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official

mistake; (3) unmixed with any fault or negligence on the plaintiff's own part. *York*, 2021 WL 2753527, at *4; *see WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (stating same). As mentioned above, as a pretrial matter, a bill-of-review plaintiff must present prima facie proof to support his or her meritorious-defense contention. *Baker*, 582 S.W.2d at 408. A prima facie meritorious defense—a question of law for the court—is made out when it is determined that the bill-of-review plaintiff's defense is not barred as a matter of law and that he or she will be entitled to judgment on retrial if no evidence to the contrary is offered. *Id.* at 408–09. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates, and the trial court shall dismiss the case. *Id.* at 409.

If a prima facie meritorious defense is shown, the court will conduct a trial. *Id.* At trial, the bill-of-review plaintiff has the burden to prove that the judgment was rendered as a result of the fraud, accident, or wrongful act of the opposite party or official mistake unmixed with any negligence of his or her own. *Id.* (noting that the less onerous standard for a movant in a timely filed motion for new trial "is justified inasmuch as the judgment has yet to become final and only a brief period of time has elapsed since its rendition"). The bill-of-review defendant has the burden to prove his or her original cause of action. *Id.*

However, a bill-of-review plaintiff claiming no service is relieved of the obligation to prove the first two elements because a judgment rendered without notice is constitutionally infirm regardless of whether the bill-of-review plaintiff has a

13

meritorious defense or was prevented from making it. *Nussbaum v. Builders Bank*, 478 S.W.3d 104, 108 (Tex. App.—Fort Worth 2015, pet. denied) (op. on reh'g); *see Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (explaining that a bill-of-review plaintiff claiming a due-process violation for no service or notice is relieved of proving the first two elements and the third element—lack of negligence—"is conclusively established *if* the bill-of-review plaintiff can prove it was never served with process" (emphasis added)).

Accordingly, when a bill-of-review plaintiff alleges a lack of service, the two-step *Baker* procedure is slightly modified for that claim. *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004). Because proof of non-service conclusively negates a plaintiff's fault or negligence, the question of service is properly resolved at trial and not by the trial court in a pretrial proceeding if the material facts are disputed. *Id.* at 97. Thus, when a plaintiff seeks a bill of review based solely on a claim of non-service,[9] the trial court should (1) dispense with any pretrial inquiry into a meritorious defense; (2) hold a trial, at which the bill-of-review plaintiff assumes the burden of proving that he was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered; and (3) conditioned upon an

---

[9]Our sister court has noted that when a bill-of-review petition alleges non-service as well as claims of meritorious defenses, the trial court may conduct a preliminary hearing on the meritorious defenses before—if the plaintiff shows a prima facie meritorious defense—reaching the fact question of service at trial. *Pope*, 2023 WL 4003516, at *8 ("[A] petitioner is not required to establish prima facie proof of a claim of non-service to proceed to trial on that claim.").

affirmative finding that the bill-of-review plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case. *Id.* at 97–98.

However, a bill-of-review plaintiff who is not served with process because of his own fault or negligence is not entitled to relief in an equitable bill of review. *Nussbaum*, 478 S.W.3d at 109. For example, a bill-of-review plaintiff may be negligent by failing to update the Secretary of State with the address for its registered agent and registered office for service of process. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). But a bill-of-review plaintiff's failure to receive notice of a default judgment because of his opponent's knowing use of an outdated address in its Rule 239a certificate of last known address does not necessarily constitute negligence or fault attributable to the bill-of-review plaintiff so as to preclude him from establishing the third bill-of-review element. *Nussbaum*, 478 S.W.3d at 109 (citing *Katy Venture, Ltd.*, 469 S.W.3d at 163).[10]

---

[10]In *Katy Venture*, the petitioners filed a petition for bill of review after a no-answer default judgment, alleging both that they did not receive actual service of process and that they did not receive timely notice of the default judgment because they had failed to update their registered address with the Secretary of State's office. 469 S.W.3d at 162. They also complained that the respondent had failed to properly certify their last known mailing address because the respondent had actual notice of their current address but certified their old registered address. *Id.* The respondent attempted to serve the petitioners through their registered agent, and the citation was returned "not deliverable as addressed" and "unable to forward," and the respondent's process server was similarly unsuccessful; the respondent then served process by mail on the Secretary of State as the petitioners' agent, which sent the notice to the same outdated registered address. *Id.*

## B. Analysis

McWilliams complains that the trial court abused its discretion by denying his petition for bill of review because the August 31, 2023 hearing was not noticed at least forty-five days before the hearing date, making the hearing's purpose and scope limited to that of a *Baker* hearing, and that the trial court exceeded the *Baker* hearing's scope by weighing competing evidence.[11]

---

The supreme court held that the trial court should not have granted summary judgment in the respondent's favor when the petitioners had presented some evidence that their failure to receive notice of the default judgment resulted solely from the respondent's failure to properly certify their "last known mailing address"—when it knew their actual current mailing address—and not from any negligence or fault on the petitioners' part. *Id.* at 162–64. The petitioners also sufficiently raised a fact issue as to whether their negligent failure to update their registered address had contributed to their failure to receive notice of the default judgment. *Id.* at 164.

[11]We agree with KO's assertion that McWilliams's brief is "difficult to follow as a result of its contradictions, the jumbling of the applicable test, and sparse citations to the record." For example, during a nine-page blending of the statement of the case, the statement of facts, and legal argument, *cf.* Tex. R. App. P. 38.1(d), (g), McWilliams posits, "What does any of this have to do with the case that is now before this Honorable Court on appeal? That's the $44,000.00 question and it's coming up shortly so *bear with* and *hang on.*" *Cf.* Tex. R. App. P. 38.1(d), (g)–(i) (requiring briefs to state "concisely the nature of the case," "concisely and without argument the facts pertinent to the issues or points presented," and "a clear and concise argument for the contentions made").

McWilliams's statement of points identifies two specific points of error: "The trial court erred in denying [his] Petition for Bill of Review" and "The trial court erred in weighing any of Appellee's controverting evidence at the preliminary Baker hearing on [his petition] because for Purposes of the Preliminary Baker Hearing, only questions of law are considered, matters for the finder of fact are left for trial." He makes a variety of arguments in support of these two points. Based on our resolution below, we do not reach all his arguments. *See* Tex. R. App. P. 47.1 ("The court of

We begin with McWilliams's complaint about lack of forty-five days' notice of a merits hearing under Rule of Civil Procedure 245. Rule 245 provides, in pertinent part, that "[t]he [c]ourt may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." Tex. R. Civ. P. 245. A party must timely and specifically object to the insufficiency of notice to preserve that complaint for review. *In re V.B.*, No. 02-17-00318-CV, 2018 WL 771976, at *4 (Tex. App.—Fort Worth Feb. 8, 2018, no pet.) (mem. op.). Instead of objecting to the lack of notice,[12] McWilliams's counsel stated, "[Y]es, we're ready to proceed." McWilliams has waived his Rule 245 complaint, *see id.*; *see also* Tex. R. App. P. 33.1, and we overrule this portion of his two points.

We next consider McWilliams's complaint that the trial court's denial of his petition rested on its improper weighing of controverting evidence. McWilliams relies on *Pope* to support his argument. As set out below, *Pope* is inapposite.

In 2018, Pope lost managing conservatorship of her child after the child's paternal grandmother, Perrault, allegedly forged Pope's signature on an agreed order.

appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[12]We will assume, for the sake of argument, that there was an insufficient forty-five days' notice because the record does not contain any setting notices. We nonetheless note that the record shows that McWilliams filed his petition on June 26, 2023; that KO was served with citation on June 30, 2023; and that the hearing was held on August 31, 2023—over forty-five days after KO was served.

2023 WL 4003516, at *1–2. Pope filed a pro se notice of appeal but then did not pursue the appeal; she also filed a motion for new trial, which the trial court denied. *Id.* at *2. In 2021, with the assistance of counsel, Pope filed a petition for bill of review, alleging that she had not been served with process in the underlying suit and raising two meritorious defenses—that Perrault had lacked standing and that Perrault had failed to overcome the fit-parent presumption. *Id.* She also alleged that Perrault had engaged in extrinsic fraud by forging her signature on the order and that she was neither at fault nor negligent in the order's entry. *Id.*

Three days after Pope filed her petition, the trial court entered an order setting "a preliminary hearing under *Baker v. Goldsmith*" to determine whether Pope could make a prima facie showing of a meritorious defense. *Id.* at *3. At the hearing's beginning, Pope's counsel outlined the hearing's purpose as "specifically just to show the prima facie case in order to proceed to trial on the remaining Bill of Review grounds of fraud and lack of negligence, on the lack of service." *Id.* The only evidence at the hearing was the new-trial hearing's transcript, which Perrault introduced without objection. *Id.* The associate judge recommended denying the bill of review because Pope had failed to pursue her direct appeal. *Id.* Pope filed a motion for a de novo preliminary hearing, arguing that the associate judge's ruling had fallen outside the *Baker* hearing's scope. *Id.*

At the de novo hearing's beginning, Pope once more reiterated that the hearing was limited in scope to her meritorious-defense issue. *Id.* At the hearing's conclusion,

18

the trial court denied the bill of review based on an insufficient showing of no negligence on Pope's part. *Id.* In a motion for new trial, Pope argued that the trial court had erred by—among other things—making findings outside the *Baker* hearing's scope and by violating her right to due process by converting the preliminary hearing into a trial on the merits without notice. *Id.* The trial court denied the motion after hearing arguments, noting that it "didn't make a determination that we were having a limited scope or an open, full-scope hearing." *Id.* at *4.

Our sister court observed that courts ordinarily "use a two-step inquiry when deciding a bill of review that is not based on a claim of non-service," with the first step a pretrial *Baker* prima-facie-meritorious-defense hearing, while for claims of non-service, the court should skip the first *Baker* step and proceed directly to trial under the second step. *Id.* at *5–6 (quoting *Caldwell*, 154 S.W.3d at 97–98). Because both the hearing before the associate judge and the de novo hearing were noticed as preliminary *Baker* hearings, the court concluded that the hearing notices did not apprise Pope that the court was holding a trial on the merits, and the evidence submitted at the hearing was at least partially relevant to the meritorious-defense issues. *Id.* at *7. And the trial court did not conduct the de novo hearing in accordance with the usual order of proceedings for a trial, "which begins with the parties making opening statements followed by the introduction of evidence by the party 'upon whom rests the burden of proof on the whole case.'" *Id.* (quoting *Barnes v. Deadrick*,

19

464 S.W.3d 48, 58 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting Tex. R. Civ. P. 265)).

The court concluded that only the meritorious defenses should have been at issue in the preliminary hearing with the service claim reserved for the trial before the factfinder. *Id.* at *8. To the extent the trial court had dismissed the bill-of-review petition on a ground other than lack of prima facie proof of a meritorious defense, it had exceeded the preliminary *Baker* hearing's scope, and therefore Pope's non-service claim was not ripe for dismissal. *Id.* at *8, *10. As Pope had also provided prima facie proof of two meritorious defenses (standing and the fit-parent presumption), the court held that the trial court had erred by dismissing her bill of review on those grounds as well, reversed the judgment dismissing her bill of review, and remanded the case for further proceedings. *Id.* at *10–14.

The instant case is entirely dissimilar. The record contains no orders expressly setting the hearing as a *Baker* hearing. *Cf. id.* at *3. McWilliams's counsel announced ready and then—in his opening statement—asserted that McWilliams had not been served,[13] while KO's counsel—in his opening statement—also addressed the service issue, placing the question squarely before the trial court. Although McWilliams's

---

[13]McWilliams's counsel stated, "Although the file reflects service, he says he wasn't served." We note that if this had been a *Baker* hearing, McWilliams should not have addressed service at all and should have attempted to restrict the hearing to his meritorious defenses and should have objected when the trial court and opposing counsel went beyond them.

counsel did refer to the hearing as an "initial hearing" and state that disputed facts "are resolved in favor of the petitioning party if they have a question of fact," when the trial court asked him if he intended to offer any testimony, he called McWilliams to testify.

The record shows that the trial court skipped the first *Baker* step and proceeded to trial on the second step, with the attendant order of proceedings—opening statements and evidence put on by McWilliams as the party with the burden of proof—and no one objected. *See Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (explaining that bill-of-review plaintiff failed to preserve its complaint that the trial was merely a *Baker* hearing when—once it was clear that the trial court intended to proceed with a trial—he failed to move for a continuance or to otherwise object); *cf. Nava v. Schmidt*, No. 04-22-00686-CV, 2023 WL 7005843, at *6–8 (Tex. App.—San Antonio Oct. 25, 2023, pet. denied) (mem. op.) (reversing denial of bill of review when disputed material facts on lack of notice determined the applicable procedure but "[t]he trial court did not call for opening statements, ask about witnesses, discuss exhibits to be offered, or otherwise state or indicate this was the beginning of a trial on the merits"); *Pope*, 2023 WL 4003516, at *7.

Further, based on the inconsistencies between McWilliams's sworn petition and his testimony at the hearing,[14] the trial court could have reasonably concluded that

---

[14]As factfinder, the trial court was the sole judge of witness credibility. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

McWilliams had actually been served or that McWilliams had failed to meet his burden to show that his own fault or negligence did not contribute to his alleged lack of service.[15] *See Nussbaum*, 478 S.W.3d at 109 (stating that a bill-of-review plaintiff who is not served with process because of his own fault or negligence is not entitled to relief).

Specifically, McWilliams admitted in his verified petition that he was successfully served with citation (corroborated by the return of service) but then denied under oath at the hearing that he had ever been served. *See Sparlin*, 2021 WL 4205058, at *4 (upholding denial of petition for bill of review when plaintiff "created a demonstrable falsity"). The trial court also took judicial notice of the 2023 appraisal district information attached to KO's answer, which listed the mailing

---

[15]McWilliams argues that we should apply a five-factor test from *McDaniel v. Hale*, 893 S.W.2d 652, 659 (Tex. App.—Amarillo 1994, writ denied) (op. on reh'g) (citing *Hanks v. Rosser*, 378 S.W.2d 31, 34 (Tex. 1964)), but those factors apply to a petition for bill of review when the defendant has been denied the opportunity to file a motion for new trial because of opposing counsel's error. Per *Hanks*, as restated in *McDaniel*, a bill-of-review plaintiff could succeed by alleging and proving: (1) a failure to file a motion for new trial; (2) that he was prevented from filing by the misinformation of an officer of the court acting within his official duties; (3) the failure to answer was not intentional or the result of conscious indifference; (4) a meritorious defense; and (5) no injury will result to the opposite party by granting the bill of review. *Id.* (citing *Hanks*, 378 S.W.2d at 34–35).

While McWilliams tried to fit his facts under this standard, we think the applicable standard here is the one set forth under *Caldwell* because McWilliams's primary disputed issue at the hearing was whether he was served at all. Further, in light of the evidence presented at the hearing, the trial court could have reasonably concluded that opposing counsel had committed no error by using the Mockingbird address, making the *McDaniel* test inapplicable.

address for J & J Truck & Trailer Repair as James McWilliams, at the Mockingbird address, and McWilliams did not object to the trial court's taking judicial notice. The trial court was in the best position to determine which of McWilliams's assertions to believe, and because McWilliams failed to timely file a notice of past due findings and conclusions, we must presume that the trial court made all the necessary findings to support its judgment. *See Lemons*, 747 S.W.2d at 373.

Based on the above, we conclude that the trial court did not abuse its discretion by denying McWilliams's petition for bill of review, and we overrule the remainder of his two points without reaching his other arguments.[16] *See* Tex. R. App. P. 47.1.

## IV. Conclusion

Having overruled both of McWilliams's points, we affirm the trial court's judgment.

---

[16]That is, McWilliams's own fault or negligence defeated his right to relief despite his raising what he characterized as meritorious defenses. *See Lemons*, 747 S.W.2d at 373. And to the extent he adequately briefed a due-process complaint regarding the preliminary-*Baker*-versus-trial distinction or related complaints, his failure to object in the trial court means it is not preserved for our review. *See* Tex. R. App. P. 33.1; *Bowman v. KWA202, LLC*, No. 02-22-00216-CV, 2023 WL 2607754, at *2 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.) (holding due-process complaint was both inadequately briefed and forfeited for lack of preservation because it was not raised in the trial court).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  August 22, 2024